The Evansville and Richmond Railroad Company v. Doan.

Filed Jan. 22, 1892.

---

### No. 391.

## THE EVANSVILLE AND RICHMOND RAILROAD COMPANY v. DOAN.

MASTER AND SERVANT.—*Assumption of Risk.*—*Master's Duty to Provide Safe Appliances and Surroundings.*—While a servant assumes all of the incidental risks of his employment, and those which are patent and within the reasonable range of his observation, at the same time the master undertakes to exercise reasonable care and diligence to provide him with safe appliances and surroundings. And the servant may rely upon the fact that the master has performed his duty in that regard until he has information otherwise.

From the Jackson Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellant.

*W. K. Marshall, J. Giles, J. A. Zaring* and *M. B. Hottel,* for appellee.

CRUMPACKER, J.—Doan sued the railroad company for damages resulting from a personal injury to him while in the

service of the company, on account of the alleged negligence of the latter.

The plaintiff had judgment below, and the company appeals and assigns for error: *First.* That the court erred in overruling the demurrer to the complaint.

The complaint alleges, in substance, that the defendant had a construction train on its railroad upon which were engaged a number of laborers; that the railroad track from a station called Indian Springs, in Martin county, to a point near Bedford, in Lawrence county, was carelessly and negligently constructed, in that it was not ballasted, the ties were too far apart to properly support the rails, the track was too narrow, the rails were insufficiently spiked down, and the track was very rough and uneven, and it was dangerous for any train to run over said part of the railroad, which the defendant well knew; that plaintiff entered into the defendant's service as a laborer upon said construction train, and had worked five days thereon when, on the 2d day of October, 1889, the defendant undertook to run said construction train, loaded with ties, over the defective part of said road between the points aforesaid, and while so attempting said train was thrown from the track by the dangerous and defective condition thereof as aforesaid, and plaintiff was severely injured in and about his head and other parts of his person. It is further alleged that the injury occurred without any fault upon the part of the plaintiff, and that he had no information of the dangerous condition of said road before the injury, and that he had never been over that part of the road before that day.

Counsel for appellant insist that the position of a laborer upon a construction train is specially hazardous, and one who engages therein assumes all of the risks incident to the employment and all others of which he has notice, and the fact that a railroad is new and incomplete is patent, and the increased dangers of such a condition are among those assumed by the servant. There is nothing in the complaint to show that

the defendant's road was new and incomplete, and this fact can not be inferred from the mere running of a construction train over it. While a servant does ordinarily assume all of the incidental risks of his employment, and those which are patent and within the reasonable range of his observation, at the same time the master undertakes to exercise reasonable care and diligence to provide him with safe appliances and surroundings. *Rogers* v. *Leyden*, 127 Ind. 50; *Louisville, etc., R. W. Co.* v. *Corps*, 124 Ind. 427; *Louisville, etc., R. W. Co.* v. *Wright*, 115 Ind. 378; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88.

And the servant may rely upon the fact that the master has performed his duty in that regard until he has information otherwise. *Louisville, etc., R. R. Co.* v. *Berry*, 2 Ind. App. 427.

It was appellant's duty to have been reasonably careful in providing a safe railroad track for the appellee to work and ride upon, unless the appellee knew of the actual condition of the track, and assumed the risks thereof. He alleges in the complaint that he did not have such knowledge nor any adequate means of informing himself, so the enhanced risks were not among those he was paid to assume. It is true that a master does not insure the absolute safety of the appliances he furnishes his servant nor of the place he provides for him to work, but he is bound to be reasonably careful and watchful in this respect. He is only liable for his negligence.

In the complaint under consideration the appellant is not charged with the negligent omission to repair the railroad track, but with the careless and unskilful construction of it in the first instance, and for this it is clearly responsible.

It sufficiently appears from the complaint that the defective condition of the road was the efficient cause of the derailment of the train and the proximate cause of the injury. No error was committed in overruling the demurrer.

The only other question argued relates to the action of the trial court in awarding appellee judgment upon the special

verdict.    Every material issue was found in favor of the ap-
pellee.  It is true it was found that he had been in appellee's
service for thirty-nine days before the injury, but it also ap-
pears that he had never been over the defective part of the
road before the date of the injury, and knew nothing about
its condition.

It was not necessary for the jury to detail the nature and
extent of the injury, as they are matters of evidence.

Responsible connection between the unskilful construc-
tion of the road and the appellee's injury was clearly estab-
lished.

The judgment is affirmed.

Filed Jan. 21, 1892.