No. 533.

## McBride v. The Indianapolis Frog and Switch Company.

MASTER AND SERVANT.—*Visible Defect.—Duty of Employee to Look.—Contributory Negligence.*—An employee must use the faculties which he possesses, and if there should be a visible defect in a tool used by him which he could see by looking, he is guilty of negligence if he does not look, unless some reasonable excuse is given for his not doing so.

SAME.— *Who is a Fellow-Servant —How Determined.*—As to whether, in a given case, one is acting as a fellow-servant or a vice-principal is a conclusion to be drawn from the proven facts and circumstances.

From the Marion Circuit Court.

*J. M. Cropsey, W. N. Harding* and *A. R. Hovey,* for appellant.

*O. B. Jamison,* for appellee.

Fox, J.—This case was tried in the Marion Circuit Court. The complaint was in three paragraphs, to which a general denial was filed. Upon the issue thus joined the case was submitted to a jury, resulting in a judgment for the appellant, who was the plaintiff below. Thirty-one interrogatories were submitted to the jury upon the request of the defendants below. These interrogatories were answered by the jury and returned with the general verdict. After the verdict and the answers to the interrogatories were returned, the appellee moved for a judgment against the appellant notwithstanding the general verdict. This motion was sustained by the court, and a judgment rendered in favor of the appellee. Exceptions were reserved by the appellant, and an appeal taken to this court. The action of the court in sustaining the appellee's motion for a judgment is the only question submitted for our consideration. The evidence is not in the record. This leaves the answers to the interrogatories as the only source of information we have concerning the facts involved in the case.

It appears, at the times hereinafter mentioned, the defendant below was a corporation, engaged in manufacturing "frogs, switches and crossings for the use of railroads;" that upon the 8th day of November, 1889, the appellant was employed and entered into the service of the appellee as a blacksmith, and so continued until the 24th day of December of the same year. Upon this last-mentioned day the appellant, together with two other employees, was engaged " in trying to put a splice block in a part of a railroad crossing; " that in so doing it was necessary to spring the rails slightly apart by the use of crow-bars; that while so engaged, one Frank Lapham was " holding the splice block and trying to slip it between the rails ; " that in order to do so, he told the appellant to " get a crow-bar and put it between the rails so as to pry opposite his helper; " thereupon the appellant went to the south end of the shop, 18 or 20 feet from where they were working, and got a crow-bar. The point of this crow-bar was broken or worn off in a diagonal shape. With this crow-bar, in the condition described, the appellant attempted to force the rails apart, and in doing so the bar, by reason of its broken or beveled point, slipped, and the appellant was thrown violently to the ground and severely injured. Lapham, who asked the appellant to get the crowbar, was, before the time of the accident complained of, a travelling salesman for the appellee, whose duties, when not travelling, were to perform such work at the appellee's shops as might be directed by the superintendent. At the time of the accident John E. McGettigan was general manager and Andrew B. Emly superintendent.

Neither the general manager nor the superintendent was present when the accident occurred. There was no evidence showing that they or any of the officers of the company had knowledge of the defective condition of the crow-bar used, or that it was provided for the purpose for which it was used. It does not appear that the bar was in any wise defective save as above mentioned. It did not break while

being used. The broken or beveled point could be seen at a glance, even by one who was not a skilled mechanic. The appellant had, at the time he was injured, been in the employ of the company for more than six weeks. He was a blacksmith—a skilled mechanic, and as such, *it is fair to presume he was familiar with such tools as he was using.* It is manifest that he was at the time using the defective point of the bar in separating the rails, and the defect should not have escaped his notice if he had used ordinary care in the premises. He was not directed to get this particular crowbar. After getting it, he walked 18 or 20 feet with it in his hands knowing that he would be required to use its point in separating the rails. These facts do not indicate such care and prudence as will relieve him from the charge of negligence, nor are they sufficient to impute negligence to the defendant company under the circumstances of the case.

The rule is well settled that a master undertakes to exercise reasonable care and diligence in providing his servants with safe appliances and surroundings, while at the same time the servant "ordinarily assumes all of the incidental risks of his employment, and those which are patent and within the reasonable range of his observation." *Evansville, etc., R. R. Co.* v. *Doan,* 3 Ind. App. 453.

The case of *Rietman* v. *Stolte,* 120 Ind. 314, involved questions very similar to the one before us. In the course of the opinion OLDS, J., says : " The rule of law * * requires one to exercise the faculties which he possesses, and if there is a patent defect in a tool or machinery used by him which he can see by looking, he must look, and unless some reasonable excuse is given he is guilty of negligence if he does not look." See *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327 ; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151.

Equally well settled is the rule of law that if a servant is injured by the negligence of a fellow-servant, without the fault of the master, the master is not liable. *Taylor* v. *Evansville, etc., R. R. Co.,* 121 Ind. 124

The facts, as they appear in the record, show that the appellant, and those with whom he was working at the time he was injured, were fellow-servants; that Lapham, at the time, was not acting as a vice-principal nor engaged in performing the master's duties; he was simply assisting those with whom he was working in performing the labor in hand. While doing this, he told the appellant to get a crow-bar and spread the rails so he could insert the splice-block. He did not direct him to get the crow-bar in question, nor is it shown that he directed the manner in which it should be used, nor that he had any knowledge whatever that the tool was in any wise defective. As to whether, in a given case, a person is acting as a fellow-servant or a vice-principal is a conclusion to be drawn from proven facts and circumstances. Considering the facts in this case as they appear in the record, we are clearly of the opinion that the court below did not err in rendering judgment in favor of the appellee, notwithstanding the general verdict.

The judgment is affirmed, with costs.

