Louisville, New Albany and Chicago Railway Company v. Lynch.

---

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* LYNCH.

[No. 17,733. Filed Oct. 15, 1896. Rehearing denied March 9, 1897.]

PLEADING.—*Complaint.—Negligence.—Motion to Make More Specific.*
—In an action to recover damages for personal injuries caused by the negligence of defendant, a general charge of such negligence is sufficient to withstand a demurrer for want of facts. If the alle-

Louisville, New Albany and Chicago Railway Company *v.* Lynch.

gation averring negligence is not full, clear and explicit, the defect is reached by motion to make more specific.  *pp. 167, 168.*

NEGLIGENCE.—*Explosion of Boiler.—Notice of Defects.—Time for Repairs.*—Where the defects of a locomotive boiler were such that there was manifest danger of an explosion, notice to the railroad company operating the locomotive was sufficient if received in time that the company might have avoided the explosion, either by repairs or by discontinuing the use of the locomotive.  *pp. 170, 171.*

SAME.—*Explosion of Boiler.—Notice of Defect.—Special Verdict.*—In an action for damages for personal injuries caused by the explosion of a locomotive boiler, proof that defects in the boiler existed, and that defendant knew of them in time to have prevented the explosion, made the question of defendant's duty to exercise reasonable care to avoid the explosion, one of law, upon which it was not the province of the jury to render a finding.  *p. 172.*

SPECIAL VERDICT.—*Sufficiency Of.—Negligence.—Explosion of Boiler.*—In an action against a railroad company to recover damages caused by the explosion of a locomotive boiler, a special verdict finding that at the time of the explosion, and for four weeks prior thereto, there had been forty-five broken bolts in the fire sheet; that the broken bolts gave no support or strength to the boiler, thereby rendering said boiler insufficient to resist the pressure of steam therein, and that the explosion occurred in that part of the boiler where such broken bolts were located, sufficiently finds that the explosion was the result of the defects.  *pp. 171, 172.*

SAME.—*Findings Need Not Be Stated in Logical Order.*—It is not necessary that the several findings of a special verdict be stated in logical or consecutive order.  *p. 172.*

SAME.—*Findings Must Be Considered Together.*—The several findings of a special verdict must be considered in their entirety.  *p. 172.*

INSTRUCTIONS.—*Improper Where a Special Verdict is to be Returned.*—Where in the trial of a cause a special verdict is to be returned by the jury, general instructions are inappropriate, and the refusal to give an instruction as to the law on a particular question is not error.  *p. 173.*

SAME.—*Explosion of Boiler.*—In an action against a railroad company to recover damages caused by the explosion of a locomotive boiler, where a special verdict is to be returned, it is not available error to instruct the jury that they may consider the fact of the explosion together with the other facts proven in determining whether the boiler was defective.  *pp. 172–176.*

From the Starke Circuit Court. *Affirmed.*

Louisville, New Albany and Chicago Railway Company v. Lynch.

*E. C. Field, W. S. Kinnan* and *Walter Olds,* for appellant.

*J. C. Nelson, Q. A. Myers, Steis & Hathaway* and *G. W. Breeman,* for appellee.

HACKNEY, J.—The appellee sued the appellant and recovered a judgment for damages on account of personal injuries, sustained from a missile thrown against him by the explosion of appellant's locomotive boiler. The allegations of the complaint charging the negligence of the appellant were as follows: "That the locomotive engine thus used by the defendant, and which exploded, as heretofore mentioned, was, at the time it so exploded, and for a long time prior thereto, defective, unsafe, and unfit to use for the purposes intended by the defendant, in this, to-wit: That the same was old and worn out; that the stay bolts of the boiler were worn out and burned in two, and that the same was otherwise defective, unknown to plaintiff, and of which defectiveness, unsafeness and unfitness the defendant had full knowledge, or by reasonable diligence could have known the same; and plaintiff avers that the defendant negligently and recklessly used and attempted to use the same, as aforesaid, with full knowledge of its defectiveness and unsafe condition, or of which it could have known by reasonable diligence, and by reason of which negligence and carelessness of the defendant the said locomotive engine exploded, as hereinbefore mentioned, causing the injury of the plaintiff herein complained of."

The appellant insists that its demurrer to the complaint should have been sustained for the reason, as here urged, that it does not appear from the facts alleged that the explosion resulted from any of the defects mentioned. On behalf of the appellee it is urged

that the allegations sufficiently connect the result with the causes so alleged; that a motion to make more specific was the proper practice for presenting the appellant's objection to the complaint, and that the special verdict returned distinctly connects the causes alleged, the defects in the locomotive, with the explosion, and thereby cures any weakness in that respect which might be urged against the complaint.

A fair construction of the allegation is that the locomotive was defective, including worn out and burned stay bolts of the boiler, and that by the use of the locomotive in that condition the explosion occurred. The condition, with the use alleged, was the cause, and the explosion the effect. If, as we think it may, the allegation in question may be regarded as a general allegation of negligence resulting in injury, and the appellant's objection was, as we think it is in effect, that such allegation is not sufficiently full, clear and specific, such objection could not be reached by demurrer, but required a motion to make more specific. *Cleveland, etc., R. W. Co. v. Wynant*, 100 Ind. 160; *Deller v. Hofferberth*, 127 Ind. 414; *Louisville, etc., R. W. Co. v. Berkey, Admr.*, 136 Ind. 181, and cases cited in each. We conclude, therefore, that the objection urged against the complaint is not available.

Some of the special findings of the jury were as follows:

"3d.  We find that the plaintiff, Michael Lynch, was at the time of the explosion of said engine engaged in handling hay near a certain barn, situated about one hundred feet west, and off the defendant's right of way; and that the engine exploded when almost opposite, and due east from where the plaintiff was engaged at his said work.

"5th.  We find that the said engine was at the time

of said explosion out of repair, unsafe and defective, and in a dangerous condition.

"6th. That the boiler, fire-box, and part of stay bolts between said boiler and said fire box of said locomotive engine were worn out, weakened and broken prior to said explosion, and so remained until said explosion, and thereby said boiler and fire box were insufficient and unable to retain or hold or resist the pressure of steam in the boiler of said locomotive engine.

"7th. We further find that said engine, numbered sixty, that exploded on January 3, 1893, while being handled by defendant company at Francesville, Indiana, had broken bolts, called 'stay bolts,' and that such broken bolts gave no support or strength to the boiler of said engine at the time it exploded; that said broken bolts were located at the left side of the fire box of said engine, and that the explosion occurred at that part of the boiler where such broken bolts were located.

."8th. That the defendant did know, or could have known, prior to the happening of the explosion, in time to have remedied the same, that said bolts were broken.

"9th. We further find that defective stay bolts can be detected by placing a piece of iron on one side and tapping the same with a hammer on the other; that if the bolts are broken or defective they give a dull sound; that said bolts can be removed and new ones put in.

"10. That there were, at the time of the explosion, forty-five broken bolts in the left hand fire sheet, which were in that condition for at least four weeks prior to the accident.

"11th. That a boiler having that number of broken bolts in a fire sheet on one side is not of sufficient

strength to resist the pressure of one hundred and forty pounds of steam.

"15. We find that said engine, numbered sixty, was at the time of said explosion old and much worn and was, before said explosion, out of repair; that her boiler and pipes were old and worn and leaky; that the stay bolts of the boiler and fire box were rusty, corroded and broken before said explosion, and that the defendant company had full knowledge of the worn out and defective condition of said engine, as aforesaid, during said time, and carelessly and negligently permitted said engine to run over its said road."

By the fifteenth finding it appears that the appellant had knowledge of the condition of the locomotive "during said time." The quoted words evidently refer to the period found in the tenth finding, "four weeks prior to the accident," during which there were forty-five broken stay bolts in the fire sheet. The fact that actual knowledge, prior to the explosion, was proven to have been possessed by the appellant is earnestly denied by her counsel. We find that one witness testified to having served the appellant, as engineer, in running the locomotive in question from the 15th to the 22d of December, 1892, the explosion having occurred on the 3d day of January, 1893, and that during that period he observed that there were leaks in the flues, flue sheets and joints and in crown bolts which extended from the crown sheet to the fire box. This knowledge would probably be sufficient to charge the company, as to one not connected with the company and not upon its right of way, but it is further shown that each day during said period said engineer reported the condition of the locomotive to the company. A suggestion is made by counsel as to the requirement that appellant should have notice of the defects a sufficient time in which to remedy them. Our

attention has not been called to any reason or authority supporting the proposition that time for repairs is an element in considering the duties or liability of the appellant to the appellee with reference to the care and use of her locomotives.

There is nothing in the relations of the parties requiring the use of the locomotive one hour after its defects were known, nor is there any presumption that the interests of the general public would suffer from the discontinued use of the locomotive, temporarily or permanently.  This may not be true with reference to the discontinued use of some part of the roadbed of a railway company, operating as a *quasi* public corporation; it may not be true with reference to defects in the public streets of a city or town, where their discontinued use is a public inconvenience, and it may not be true where the relations between the parties are those of master and servant, and the servant continues to use a defective appliance which the master has promised to repair.  Of the rule which may apply in any of these cases we are not concerned, further than to say that, whatever it may be, it has no application to the present case.  We think it may be safely said, that notice of the defects, so far as these parties were concerned, was sufficient, if for such time that the appellant might have avoided the explosion, either by repairs or by discontinuing the use of the locomotive.

It is objected that the special verdict did not find that the explosion was the result of the defects in the locomotive, found by the jury.  It is found that at the time of the explosion, and for four weeks prior thereto, there had been forty-five broken bolts in the fire sheet; that the broken bolts gave no support or strength to the boiler, thereby rendering said boiler insufficient to resist the pressure of steam therein, and

was dangerous; that the explosion occurred in that part of the boiler where such broken bolts were located. It is true that these facts are gathered from several of the findings, but there is no requirement that they should have been stated in logical or consecutive order, and it is our duty to consider the findings of the verdict in their entirety, and not in fragmentary parts. The facts so found raise the irresistible inference that the broken bolts, with the use of the locomotive, caused the explosion.

The verdict is challenged, further, as not finding facts from which the inference fairly arises that the accident resulted from the want of some precaution which the appellant ought to have taken. This proposition, we presume, was advanced upon the theory that none of the alleged defects caused the explosion, and that appellant had no notice, prior to the occurrence, of such defects as caused the explosion. However, when it appears that the defects existed and that appellant knew of them a sufficient length of time to have avoided the explosion, it then becomes a question of law as to whether the appellant owed the duty to the appellee to exercise a reasonable care to avoid it. That such was its legal duty is not questioned. It owed the duty to the public, whose privileges it exercised in moving its trains by locomotive power, to so exercise that privilege as to not unnecessarily extend the hazards of any member of the public. The question here is not unlike that in *Louisville, etc., R. W. Co.* v. *Schmidt*, 134 Ind. 16, where the injury resulted from the proper use of a proper appliance, a safety valve, in proper condition.

At the trial the appellant asked the following charge to the jury: "You are further instructed that the fact that the boiler of engine numbered sixty exploded when in use by the defendant, is, of itself, no

evidence of negligence on the part of the defendant, either as to the inspection or repairing of the engine, or in the management of the engine." The court refused that charge, and instead gave, of its own motion, the following: "The fact that the boiler of the engine exploded when in use by the defendant, is not sufficient evidence of, negligence on the part of the defendant, either as to the inspection or repairing of the engine, or in the management of the same; but it is a fact that you may consider, in connection with all the other facts established by the evidence, in determining whether the engine was defective and that the defendant acted carelessly and negligently in allowing said engine to be run in its then condition."

The appellant insists that it was error to refuse the first, and error to give the last of these instructions; and the argument is directed to the question as to what presumptions arise from the mere fact of the explosion.

It will be observed that either instruction is as to the force of a fact leading to the ultimate conclusion of negligence on the part of the appellant. It may be said, also, that the special verdict did not return this ultimate conclusion. The ultimate conclusion as to that question, upon the special verdict, was for the court and not for the jury, and its return by the jury would have left no question for decision by the court; the special verdict would have been, in effect, but a general verdict. The instruction refused was one of a series of general instructions asked, and that given was one of a series of general and special instructions given by the court. It is manifest that general instructions, where a special verdict is required, are inappropriate. As said in Elliott's App. Proced., section 645: "As there is no propriety in giving general instructions, and as the law of the case must be pro-

nounced upon the facts contained in the special verdict, general instructions cannot, as a rule, be influential." *Louisville, etc., R. W. Co.* v. *Frawley,* 110 Ind. 18; *Johnson, Admr.,* v. *Culver, Admr.,* 116 Ind. 278; *Stayner* v. *Joyce,* 120 Ind. 99; *Woollen* v. *Wire, Admr.,* 110 Ind. 251; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582; *Louisville, etc., R. W. Co.* v. *Hart,* 119 Ind. 273; *Toler* v. *Keiher,* 81 Ind. 383; *Bower* v. *Bower,* 146 Ind. 393.

Since the ultimate conclusion was not returned, it is apparent that the instruction given was not influential, and since instructions upon the subject were inappropriate there was no error in refusing that asked.

It is contended further that the damages assessed were excessive. This contention rests upon the appellant's construction of the evidence that the appellee was not permanently and seriously injured, but that his alleged injuries were feigned. We are not at liberty to adopt this construction of the evidence, since, upon the whole evidence, there was conflict upon this question. There was testimony that the appellee had endured intense pain and suffering; that he was permanently disabled from performing manual labor; that he could never again walk actively, but that he must walk with a dragging or shuffling motion of the feet; that he was but twenty-six years of age and depended upon daily labor for his support, and that prior to the injury he was able-bodied, strong, healthy, and had an earning capacity of $30.00 per month. Upon the theory that the injuries sustained were not magnified or feigned, we cannot say that at first blush the damages appear to be so large as to suggest that the jury were overreached or acted corruptly.

No available error having been disclosed by the record, the judgment is affirmed.

### ON PETITION FOR REHEARING.

HACKNEY, J.—In the appellant's petition for a rehearing counsel insist that the instruction given by the trial court, as copied in the original opinion, erroneously advised the jury that it was proper to consider the fact of the explosion, with the other facts proven, in *determining whether the locomotive was defective.*

To this objection counsel cite authorities holding, correctly, we think, that the mere fact of an explosion should not be considered in *determining the existence of negligence.* *Young* v. *Bransford*, 12 Lea (Tenn.) 232; *Losee* v. *Buchanan*, 51 N. Y. 476; *Marshall* v. *Welwood*, 38 N. J. Law, 399; 7 Am. and Eng. Ency. of Law, p. 522; 2 Thompson on Neg. 1227. To these may be added Black on Proof and Pl., p. 23; Elliott on Railroads, 1299; *John Morris Co.* v. *Southworth*, 154 Ill. 118, 39 N. E. 1099; *Racine* v. *New York, etc., R. R. Co.*, 70 Hun. 453.

It is apparent that this holding rests upon the rule that the plaintiff assumes the burden of proving the defendant's negligence, and that since undiscoverable defects might cause explosion without negligence, it would reverse the burden of proof to hold the fact of explosion evidence of negligence, and would require of the defendant proof of freedom from negligence. But, does this doctrine apply to the question in hand? The fact of an explosion admits of but two inferences, negligence in overstraining a boiler free from defects, or the existence of defects which would deny the proper use of the boiler if it were free from defects. The first inference, as held in the original opinion and not

now controverted, was not drawn by the jury, and is not within the present objection to the charge. The second inference we believe to have been proper, since it did not and should not be permitted to support the further inference of negligence.

We are not advised of any reason for excluding this inference, and it is certain that its acceptance does not violate the rule of proof as to negligence.

In a case where general instructions were given it would be proper for the court, in charging with reference to the fact of the explosion, to carefully exclude a consideration of such fact in determining the existence of negligence primarily, or as an inference upon the inference of an existing defect. In this case, however, there is no such question.

The petition is overruled.