## Salem–Bedford Stone Co. *v.* Hilt.

[No. 3,247.   Filed Jan. 2, 1901.   Rehearing denied April 24, 1901.]

PLEADING.—*Sufficiency of Complaint.—Personal Injury.—Master and Servant.*—A complaint alleged that plaintiff was in the employ of defendant, who was engaged in quarrying stone and manufacturing lime; that plaintiff was injured while assisting in dumping a car of stone in the kiln, without fault on his part, but wholly by the fault of defendant in allowing the floor of the platform to become old and decayed, and the rails of the track to become worn, rusted, and rotten, and because of the negligence of defendant in using a loose chock which slipped, permitting the car of stone to run off the end of the track, breaking one of the rails which was old and rotten, and the other rail, because of the defective condition of the platform, was forced out of its place and hit plaintiff causing his injuries; that plaintiff had no knowledge of the defects, and could not have discovered them without special examination, but that defendant did have knowledge of the defective and dangerous condition of the appliances.  *Held,* that the complaint states a cause of action.  *pp. 544-546.*

APPEAL AND ERROR. — *Sufficiency of Evidence. — Directing Verdict.*—Refusal to instruct a jury to return a verdict in favor of appellant will not be considered in the Appellate Court where there was evidence submitted to the jury tending to support the appellee's cause of action, and the case was properly submitted to the jury upon the evidence.  *p. 546.*

TRIAL.—*Interrogatories to Jury.—Irresponsive.—Refusal.*—In an action for personal injuries based upon several paragraphs of complaint the defendant submitted the following interrogatories: (1) If you find for the plaintiff, state specifically under which paragraph of complaint you find; (2) if you find for plaintiff under more than one paragraph of complaint, state specifically how much you find under each paragraph; (3) what do you find to be the immediate and approximate cause of the accident?  *Held,* that the interrogatories were properly refused because they do not call for any fact presented by the issues, as required by §555 Burns 1894.  *pp. 546, 547.*

SAME.—*Interrogatories to Jury.—Answer.—Sufficiency.*—In an action for personal injuries sustained by an employe at a limekiln, the interrogatory was submitted, "Was the kiln so open at the mouth that one could have seen the fact at a casual glance?"  Answer. "Owing to where you were standing."  *Held,* that there was no error in refusing to require the jury to return a more direct answer to the interrogatory.  *pp. 547, 548.*

From the Washington Circuit Court. *Affirmed.*

*M. F. Dunn,* for appellant.

*M. B. Hottel* and *F. M. Hostetter,* for appellee.

HENLEY, C. J.—This was an action for damages on account of an injury received by appellee while in the employ of appellant. The complaint is in three paragraphs. There was a trial by jury and a verdict in favor of appellee for $2,500. With the general verdict, the jury returned answers to interrogatories submitted by both parties.

·The assignment of errors challenges the sufficiency of each paragraph of complaint; the ruling of the lower court in overruling appellant's motion for judgment upon the facts found by the answers to the interrogatories returned with the general verdict; the ruling of the lower court in overruling appellant's motion for a *venire de novo,* and the ruling of the lower court in overruling appellant's motion for a new trial.

The material averments of each paragraph of the complaint are the same in effect. It appears from the complaint that the appellant is engaged in the business of quarrying stone and manufacturing lime, and that appellee was a servant of appellant at the time he received the injuries complained of. That appellee's employment was general, that he assisted in getting out the stone and in filling the cars and boxes with stone, which were lifted in the cars or boxes to the top of the kilns and placed upon a platform and track which ran along and over the tops of the kilns and in this manner was dumped or unloaded in the kilns. Appellee also assisted in filling the kilns and in drawing the lime from them. After the car was filled with stone it was hoisted by a derrick to the top of the kilns and placed upon the iron track and was then pushed along by hand to the mouth of the kiln which was being filled and there dumped or unloaded. Appellee was engaged in the work of filling one of the kilns when he received his injury, and was doing that particular part of the work which consisted

in pushing the loaded car to the mouth of the kiln. It is averred in each paragraph of the complaint that the proximate cause of appellee's injury was the negligence of appellant in failing to furnish appellee with a safe and suitable place in which to work and in failing to furnish him reasonably safe appliances with which to work. The material facts as to appellant's negligence are stated in each paragraph of the complaint in the following words: "Upon the 10th day of May, 1898, plaintiff in the line of his duty as an employe of the defendant went upon the top of the platform of said kiln, having said dumping apparatus last above set out, to assist in dumping stone into said kiln, and proceeded to assist in dumping a car of stone in said kiln, when without any fault or negligence on his part but wholly on account of the carelessness and negligence of defendant in allowing the floor of its platform to become old and decayed, and the rails of the track spiked thereon to become old, worn, rusty, and rotten so that they could and would spread said spikes and slip between the same or break as above set out, and on account of the carelessness and negligence of defendant in using said loose chock to stop the car of stone running over and upon said track as above set out, said chock placed upon said track to stop and hold said car of stone slipped, and said car ran over and off of the end of said track, and one of the said old, worn, rusty, and rotten rails of said track, on account of its said defective condition, broke, and the other rail, on account of the defects in the floor and the timbers of said platform and the worn condition of said other rail, slipped between the spikes that held it down, and without plaintiff's fault flew around and hit him, knocking him down," etc., etc. It is directly averred that appellee did not know of the defective condition of the floor, track, rails, and platform, and could not have discovered their defective and unsafe condition except by a special examination and in-

spection for the purpose of ascertaining their condition, but that appellant knew of the dangerous and defective condition of said appliances. We think each paragraph of the complaint states a cause of action.

The rule that the master must provide a reasonably safe working place and reasonably safe appliances for the servant is too well settled to need the citation of authorities to sustain it. The complaint does not by special averments show that the risk was one assumed by the servant. In fact the averments of the complaint show that the risk was not one assumed by the servant. Want of knowledge of the defects, which were of such a character as not to be open and obvious or equally as open and obvious to the servant as to the master, is shown in the servant, and knowledge of such defects is shown in the master.

It is next insisted by counsel that the court erred in refusing to instruct the jury to return a verdict in favor of appellant. It would undoubtedly have been error for the trial court so to instruct the jury. It is not the province of this court to decide whether or not the verdict of the jury was right under the evidence presented in this case. There was evidence submitted to the jury tending to support appellee's cause of action, and the case was properly submitted to the jury upon the evidence.

The next question presented by counsel for appellant arises from the action of the trial court in refusing to submit to the jury the following interrogatories and each of them, to be answered and returned with their general verdict. The question is properly saved by bill of exceptions, and the refusal of the court to submit the interrogatories is assigned as a reason for a new trial. The questions refused were as follows: "(1) If you find for plaintiff state specifically under which paragraph of complaint you find. (2) If you find for plaintiff under more than one paragraph of the complaint state specifically how much you find under each paragraph. (3) What do you find to have been the immediate and proximate cause of the accident?"

It is provided by §555 Burns 1894, that in all cases when requested by either party the court shall require the jury, if it return a general verdict, to find specially upon particular questions of fact, to be stated in writing. These interrogatories must be confined to the facts provable under the issues.

The three interrogatories are properly discussed together. Neither of them calls for any fact presented by the issues. If the three paragraphs of complaint in the case at bar were different in the acts of negligence alleged, we think proper interrogatories could have been so framed as to have called from the jury the facts as to what particular defect, under the evidence submitted, resulted in appellee's injury. Such answers would have been sufficient to determine the question as to which paragraph of complaint the jury based their verdict on, and would at the same time have answered the question as to what the jury considered the proximate cause of appellee's injury. A particular fact, as mentioned in the statute, does not mean a conclusion drawn from all the evidence submitted to the jury, and means something less than the whole issue. *Blacker* v. *Slown,* 114 Ind. 322; *McCullough* v. *Martin,* 12 Ind. App. 165. But the jury may be compelled to find the particular facts covering the whole issue. §555a Burns Supp. 1897.

Counsel for appellant complain of the action of the court in refusing to direct the jury to return to their room and answer more directly certain questions submitted by appellant. A motion for this purpose was made at the proper time, and it would have been reversible error for the court to have refused to sustain the motion, if the questions had been so framed that a more direct answer than that returned by the jury could have been demanded. One of the answers so strongly objected to was in answer to the following interrogatory: "Was the kiln so open at the mouth that one could have seen the fact at a casual glance? A. Owing to where you were standing." We submit that an

interrogatory propounded to the jury as to whether or not appellee in the performance of his duties in and about said kiln and platform saw, or could have seen, the open mouthed kiln, would have called from the jury the fact which appellant's counsel insists the jury should find in answer to the question set out.

Appellant next contends that the court erred in overruling its motion for judgment upon the facts specially found by way of answers to interrogatories submitted to the jury and returned with the general verdict. We are unable to find any fact, specially found, which is in conflict with any one of the material averments of appellee's complaint.

The evidence being conflicting, we will not weigh it. We find no reversible error. Judgment affirmed.