# CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY v. TACKETT.

[No. 4,472.   Filed June 24, 1904.]

MASTER AND SERVANT.—*Employers' Liability Act.*—*Complaint.*— A complaint in an action by a section hand for injuries sustained alleging that the foreman, acting for the master, ordered plaintiff to use an appliance under circumstances that made such use dangerous, and that plaintiff, in conforming to the order, was injured, states a cause of action under §7083 Burns 1901.   *pp. 380, 381.*

SAME.—*Defective Appliances.*—*Time to Make Repairs.*—*Railroads.*—A complaint against a railroad company for injuries sustained because of an alleged defect in the brake of a hand-car is not objectionable for failure to show that the defect existed long enough after it was or should have been known by defendant to enable it to repair the same *pp. 381, 382.*

SAME.—*Tools and Appliances.*—*Duty to Inspect.*—*Hand-Car.*—It can not be said as a matter of law that a hand-car used by a railroad company to transport its laborers to and from their work is, *ipso facto,* a tool used by the employes, in the sense that the company is relieved from the duty of inspecting it.  *p. 382.*

SAME.—*Instructions.*—*Tools and Appliances.*—*Duty of Master.*—An instruction that it is the duty of the master "to furnish reasonably safe machinery and appliances," etc., with which his servant is to work, instead of stating that it is the duty of the master to use reasonable care in furnishing such tools and appliances, is not erroneous.  *pp. 383, 384.*

SAME.—*Defective Appliances.*—*Knowledge of Servant.*—An instruction, in an action for injuries sustained by reason of a defective brake on a hand-car which plaintiff was assisting in operating, that if plaintiff knew or should have known of the defective brake the plaintiff would not be chargeable with an assumption of the risk unless he was chargeable with knowledge that danger existed from such conditions, was erroneous, but was rendered harmless by answers to interrogatories that plaintiff did not know of the defect.  *p. 385.*

SAME.—*Defective Appliances.*—*Knowledge of Servant.*—*Allegations and Proof.*— Where the complaint in an action by a servant for injuries sustained by reason of a defective hand-car averred that "plaintiff then and there did not know, and could not see or know, that said brake was out of order as aforesaid," it was necessary, in order to sustain the allegation, that the evidence show not only that he had no knowledge of the defect and danger, but that he could not have known it by the exercise of ordinary care.  *pp. 385–387.*

From Clark Circuit Court; *James K. Marsh*, Judge.

Action by George W. Tackett against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. C. Field, H. R. Kurrie* and *M. Z. Stannard,* for appellant.

*G. H. Voigt,* for appellee.

ROBY, P. J.—The complaint was in three paragraphs. In the first and second appellee sought to recover because of the alleged negligence of appellant, through its foreman, in requiring him, while in its service as a section man, traveling to his work on one of its hand-cars, to apply a defective brake negligently maintained thereon, in attempting to do which he was thrown and injured. The defect in the brake complained of consisted in the absence of a nut on one of two bolts intended to hold the brake wood in position, and the looseness of the other nut, whereby the lever became loose and unsteady, and moved from its proper position when the foot was placed upon it. It is alleged that appellee, in obedience to the direction of the foreman, attempted to apply said brake in the usual manner, by placing his foot on the treadle and pressing down, and that because of the looseness of the lever as aforesaid, he was thrown and injured. It is also averred that appellant knew of the defect, and that appellee was ignorant thereof. In the third paragraph the following additional averments are made: "That plaintiff, while employed as aforesaid, was bound by defendant's direction to conform to the order and direction of said Curtis Chasteen in applying said brake as aforesaid, and plaintiff, in attempting to apply said brake, as hereinbefore set forth, did so in conformity to the order and direction of said Chasteen as aforesaid; that said Chasteen was then and there, when he gave said order and direction, in the service of said defendant, and was then and there, by the authority of defendant, acting for defendant; that said Chasteen at the time he ordered the plaintiff to apply said brake as afore-

said, knew, or by the exercise of reasonable care could have known, that said lever was out of order as aforesaid, and would move from its proper position when the foot was placed on the same, and, knowing said facts, said Chasteen then and there carelessly and negligently ordered and directed plaintiff to apply said brake as aforesaid."

The assumption that the appliances furnished by the master are reasonably fit and safe for use does not apply to a vice-principal, whose duty is to inspect and keep them safe. Acting for the master, the foreman ordered appellee to use an appliance under circumstances that made such use dangerous. The order is averred to have been negligently given, and the paragraph is sufficient under the employers' liability act. *Louisville, etc., R. Co.* v. *Wagner,* 153 Ind. 420; *Thacker* v. *Chicago, etc., R. Co.,* 159 Ind. 82; *Murray* v. *Rivers,* 174 Mass. 46, 54 N. E. 358; *Eaves* v. *Atlantic, etc., Mfg. Co.,* 176 Mass. 369, 57 N. E. 669.

The objection made to the first and second paragraphs is that it is not therein shown that the defective condition of the brake had existed long enough after it was or should have been known to appellant to enable it to repair the same. The position does not accord with the authorities. The negligence charged against the appellant in the case from which the following quotation is made was the failure to keep in repair an engine used for making up trains, and in permitting it to become and remain out of repair after having knowledge of its defective condition. It was held that the exact length of time that the company had such knowledge was not material: "There is nothing in the relations of the parties requiring the use of the locomotive one hour after its defects were known, nor is there any presumption that the interests of the general public would suffer from the discontinued use of the locomotive, temporarily or permanently." *Louisville, etc., R. Co.* v. *Lynch,* 147 Ind. 165, 34 L. R. A. 293; *Louisville, etc., R.*

*Co.* v. *Miller,* 140 Ind. 685; *Wabash, etc., R. Co.* v. *Morgan,* 132 Ind. 430; *Potter* v. *Knox County Lumber Co.,* 146 Ind. 114; *Pittsburgh, etc., R. Co.* v. *Adams,* 105 Ind. 151; *Columbus, etc., R. Co.* v. *Arnold,* 31 Ind. 174, 99 Am. Dec. 615; *Salem-Bedford Stone Co.* v. *Hilt,* 26 Ind. App. 543. Cases in which the defect complained of is in a street or sidewalk, the constant use of which is required by the public, and those in which the defect is caused by a third person, are not in point. The court did not err in overruling the demurrer to the complaint.

It is next insisted that appellant's motion for judgment on the answers to interrogatories should have been sustained upon three grounds: (1) It is affirmatively shown that appellee knew this brake was out of repair; (2) the appellee, by the exercise of any degree of care, could have known of its condition; (3) this car was in the exclusive possession of the men. It was one of their tools used in their work, and the only way appellant could know it was out of repair was through the men." As to the first proposition, such knowledge is negatived, not established, by the answers. They also negative appellee's opportunity to know of the defect, which fact meets the second proposition stated. Whether it was the duty of appellee and his fellow servants to discover and repair defects in the car depends upon the terms of the employment, the rules of the company communicated to him, the character of the defects, the use made of the car by him, and other relevant circumstances. The answers find that it was not his duty to do so.

It can not be said, as a matter of law, that a hand-car used by a railroad company to transport its laborers to and from their work is, *ipso facto,* a tool used by the employes in the sense that the company is relieved from the duty of inspecting it. The interrogatories and answers are extended, largely evidentiary, conflicting, and, on the whole, accord with the verdict. The

motion for judgment notwithstanding the verdict was properly overruled.

Under the assignment that the court erred in overruling its motion for a new trial, the correctness of the first, second, and third instruction given at appellee's request is presented. By the first instruction the jury were told that it was the duty of the appellant to provide a reasonably safe hand-car. In the second instruction it was said that the appellant was further required to see and know that said hand-car was kept in a reasonably safe condition, and that it was bound to make reasonable inspection to discover latent defects. It was stated in the third instruction that it was appellant's duty to provide its employes with reasonably safe instrumentalities of service, and that such duty is one which it can not avoid by intrusting its performance to its foreman or other employe, and that the neglect of one to whom it entrusted such duty is its own neglect; concluding as follows: "As the employer is charged with the imperative duty of providing reasonably safe and suitable instrumentalities of service, this duty it must perform; and, if it is intrusted to a foreman, and the latter performs it in place of the employer, his act is that of the employer."

The objection made to these instructions is that they state the appellant's duty erroneously, in that it is the duty of the master only to use reasonable care to furnish safe appliances. It is said that "the difference between the duty to furnish reasonably safe machinery and appliances, and the duty to use reasonable care to furnish such is too apparent for discussion." *Peoria, etc., R. Co.* v. *Hardwick,* 48 Ill. App. 562-569. That it is the duty of the master to use reasonable care in furnishing safe machinery has been many times decided. *McBride* v. *Indianapolis, etc., Switch Co.,* 5 Ind. App. 482; *Indiana Stone Co.* v. *Stewart,* 7 Ind. App. 563, 564; *Krueger* v. *Louisville, etc.,*

R. Co., 111 Ind. 51, 52; *Pennsylvania Co.* v. *Ebaugh,* 144 Ind. 687-692; *Chestnut* v. *Southern Ind. R. Co.,* 157 Ind. 509; *Louisville, etc., R. Co.* v. *Orr,* 84 Ind. 50-55; *Cincinnati, etc., R. Co.* v. *McMullen,* 117 Ind. 439, 10 Am. St. 67. That it is the duty of the master to furnish the employe reasonably safe appliances has also been frequently decided. *Salem-Bedford Stone Co.* v. *Hilt, supra; Lauter* v. *Duckworth,* 19 Ind. App. 535; *Romona Oolitic Stone Co.* v. *Tate,* 12 Ind. App. 57; *Cole Bros.* v. *Wood,* 11 Ind. App. 37; *Cooper* v. *Wabash R. Co.,* 11 Ind. App. 211; *Parke County Coal Co.* v. *Barth,* 5 Ind. App. 159; *Louisville, etc., R. Co.* v. *Utz,* 133 Ind. 265; *Hammond & Co.* v. *Schweitzer,* 112 Ind. 246; *Indiana Car Co.* v. *Parker,* 100 Ind. 181.

The fifteenth instruction given at appellant's request stated that it was "the duty of a railway company to take reasonable precautions to discover defects which may exist in appliances which it furnishes to do its work." The distinction now insisted upon was clearly not considered by the trial judge. A distinction so subtle as to evade notice from Supreme, Appellate, and trial courts so successfully as this one seems to have done is not likely to have affected the deliberations of the jury. The administration of justice is a practical affair. That it is so can not be overlooked, and, in the light of the fact, the following extract is approved and followed: "We think the rule might be stated that the employer must exercise ordinary skill and care to provide a safe working place, or the employer must exercise skill and care to provide an ordinarily safe working place. While the rule might be stated in either form, yet the duty of the master in the one case is not different in character from his duty in the other." *Chicago, etc., R. Co.* v. *Lee,* 29 Ind. App. 480; *Pennsylvania Co.* v. *Witte,* 15 Ind. App. 583, 593. The word "imperative" is not well chosen. It is used in the opinion of the Supreme Court in the case of *Indiana Car Co.* v.

*Parker, supra,* but its use in an instruction is not approved in that case nor in this one.

An instruction was given as follows: "Sixth. An employe can not be said to assume the risk of working with a defective instrumentality of service merely because he has actual or imputed knowledge of the condition of things. He must also be chargeable with knowledge that danger exists in such condition. If you should therefore find that the plaintiff knew or should have known that the nut was off one of the bolts, or that one of the bolts which extended through the brake had slipped forward, you would not from these facts alone have the right to charge the plaintiff with having assumed the risk. But before you can do so, he must be chargeable with knowledge that danger exists in such conditions." The first proposition stated is well within the authorities. *Chicago, etc., R. Co.* v. *Richards,* 28 Ind. App. 46; *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297. The instruction was wrong in so far as the jury were told that it did not have a right to charge the plaintiff with knowledge of the danger and assumption of the risk upon proof of his knowledge of the defect. If the fact had been found that appellee knew of the defect, it would not only have been competent for the jury to draw the inference therefrom that he knew the danger, but the circumstances might easily be such as to permit no other inference. The error is however shown by the answers to interrogatories to have been harmless. They state that appellee did not know of the defect. *Indianapolis St. R. Co.* v. *Brown,* 32 Ind. App. 130. Each paragraph of appellee's complaint contained an averment that "the plaintiff then and there did not know and could not see or know that said brake was out of order as aforesaid." To sustain the allegation, it was necessary that the evidence show not only that he had no knowledge of the defect and danger, but that he could not have known it by the exercise of

ordinary care. *Consolidated Stone Co.* v. *Summit, supra,* page 300. It is not the duty of the servant to search for latent defects or to inspect appliances furnished to him for use, to discover whether there are latent imperfections in them or about them. He has a right to assume that the master has discharged his duty. *Island Coal Co.* v. *Risher,* 13 Ind. App. 98; *Indiana, etc., Gas Co.* v. *Marshall,* 22 Ind. App. 121; *Baltimore, etc., R. Co.* v. *Spaulding,* 21 Ind. App. 323.

·The presumption furnishes *prima facie* proof of the allegation of the complaint, where it arises, but when the defects are of such a nature as to be obvious to anyone giving attention to the duties of the occasion, the employe is required to observe and avoid them. He may not rely upon a presumption as against his own senses. *Pittsburgh, etc., R. Co.* v. *Woodward,* 9 Ind. App. 169; *Pierce* v. *Oliver,* 18 Ind. App. 87.

The appellee testified that he did not know of the defect, and detailed circumstances supportive thereof. At the time he was called upon to apply the brake, and prior thereto, he was standing upon the hand-car above it. He was aiding to propel the car, having his hands upon the crossbar for that purpose. The defect complained of was open and manifest to anyone looking towards the car from its side. It was equally open to the appellee's observation, except that it was obscured by the lever upon which he placed his foot to apply the brake. The lever was two inches deep, one-half inch thick, and twelve inches long. The upper end flattened to form a pedal two inches long and two and three-quarters inches wide. The nuts, the absence and looseness of which are complained of, were one inch square. In order to be thrown from the car, appellee must have placed his weight so far out and so heavily as to lose his equilibrium, notwithstanding the assistance given him by the crossbar. That he did not know the danger to which he thus exposed himself, must be

taken as an established fact, but that, in the exercise of reasonable care, he could not have known it, is a different proposition. That he did not know it is a fact consistent only with his failure to use his eyes and opportunities for his own protection. Such failure on his part prevents a recovery against the employer as effectively as would the possession of the knowledge which he might thus have acquired. The mutual right of the parties depends upon the actual facts connected with the appellee's injury. The rule that this court will not weigh evidence is recognized and acquiesced in, but it does not apply. If there is any evidence, direct or circumstantial, tending to show that by the exercise of reasonable care appellee could not have discovered the defect complained of, it is not in mind. The character of the defect was such as to prevent any controversy as to the appreciation of its danger by a person of appellee's capacity situated and employed as he was. The absence of evidence supporting this essential averment of appellee's complaint required a ruling in appellant's favor upon the motion for a new trial.

Judgment reversed, and cause remanded, with instructions to sustain the motion for a new trial and for further proceedings.

Wiley, J., I concur in the conclusion reached, but entertaining some doubt as to the correctness of the instruction on the duty of a master to furnish reasonably safe tools, appliances, etc., with which his servant is to work, instead of stating to the jury that it is the duty of the master to use reasonable care in furnishing such tools and appliances, I do not feel like giving my assent to the instruction as given.