### KENTUCKY & INDIANA BRIDGE & RAILROAD COMPANY *v.* MORAN.

[No. 5,784.   Filed October 30, 1906.]

1. MASTER AND SERVANT.—*Defective Machinery.—Notice.—Time to Repair.—Pleading.*—The weight of the authorities sustains the rule that the complaint, in an action for damages because of injuries sustained by reason of defective machinery, need not aver that the master knew of the defect for a sufficient time in which to repair same. p. 26.

2. APPEAL. — *Erroneous Ruling Precedent. — Transfer.* — Where the decisions of the Supreme Court are in apparent conflict upon a question involved in a case pending before the Appellate Court, the cause will be transferred to the Supreme Court. p. 27.

From Floyd Circuit Court; *William C. Utz*, Judge.

Action by James Moran against the Kentucky & Indiana Bridge & Railroad Company.   From a judgment for plain-

tiff, defendant appeals. (For decision on transfer, see 16-- Ind. —.)· *Transferred to Supreme Court.*

*George H. Hester* and *E. P. Humphrey,* for appellant. *Stotsenburg & Weathers,* for appellee.

COMSTOCK, P. J.—James Moran, as plaintiff, brought this action against the appellant, the Kentucky & Indiana Bridge & Railroad Company, to recover damages for a personal injury alleged to have been sustained while in the employ of the appellant as a motorman on one of its electric cars. The injury is charged to have happened in a collision at the intersection of appellant's tracks with those of the Pennsylvania Company, in the city of New Albany.

As the foundation of the action the appellee alleged that the appellant was negligent in failing to supply the car with the proper brake-rod. Under the first paragraph it was alleged that it was necessary for the safe operation of said car, the safety of the passengers carried therein, and of the employes of the defendant in charge thereof, that said brake-rod should be sound and in good condition and capable of standing the pressure and force of said brakes when applied; that on said day said brake-rod on said car was in a dangerous and defective condition, in this: that said rod contained a break or flaw therein, which rendered the same weak and insufficient for the purpose for which it was intended, and liable to break; that the dangerous and defective condition of said brake was unknown to the plaintiff, but was well known to the defendant, or by reasonable diligence could have been known to said defendant.

The second paragraph is in the identical language of the first, except that the defect in the brake-rod is set out in the following language: "That it was necessary for the safe operation of said car, and the safety of the passengers carried therein and of the employes of the defendant in charge thereof, that said brake-rod should be of sufficient size and thickness to stand the pressure and force of said

brakes when applied; that said rod was defective in this: that it was too small and insufficient to stand the pressure of the brakes when applied, which was unknown to the plaintiff, but was well known to the defendant, or could have been known by it by the exercise of reasonable diligence in the premises."

A separate demurrer to each of these paragraphs was overruled, the cause put at issue by general denial, and a trial had, resulting in a verdict and judgment in favor of appellee for $1,200.

The first specification of error challenges the sufficiency of the complaint, for want of facts, to constitute a cause of action against appellant. The complaint seeks to recover on account of the failure of a common-law duty, which the appellant, as master, owed the appellee as its servant.

It is argued by the appellant that the complaint should allege that the master had knowledge of the defect a sufficient length of time before the injury, by the exercise of reasonable care, to have made the necessary repairs, or at least to notify the servant of the danger; citing, *Malott* v. *Sample* (1905), 164 Ind. 645; *Seaboard Mfg. Co.* v. *Woodson* (1891), 94 Ala. 143, 10 South. 87; *United States, etc., Co.* v. *Weir* (1891), 96 Ala. 396, 11 South. 436; *Indianapolis, etc., R. Co.* v. *Flannigan* (1875), 77 Ill. 365; *Missouri Pac. R. Co.* v. *Sasse* (1893), (Tex. Civ. App.), 22 S. W. 187; 20 Am. and Eng. Ency. Law (2d ed.), 94; *Lake Shore, etc., R. Co.* v. *Stupak* (1890), 123 Ind. 210; 4 Thompson, Negligence (2d ed.), §3782.

Appellant relies strongly upon *Malott* v. *Sample, supra.* The opinion in that case seems to support the claim for which appellant contends.

Appellee insists that the complaint is not defective as claimed by appellant, and that in an action of this character it is sufficient to allege actual knowledge on the part of the master; citing *Malott* v. *Sample, supra; Consumers*

*Paper Co. v. Eyer* (1903), 160 Ind. 424; *Johnson v. Gebhauer* (1902), 159 Ind. 271; *Consolidated Stone Co. v. Summit* (1899), 152 Ind. 297; *Louisville, etc., R. Co. v. Miller* (1895), 140 Ind. 685; *Heltonville Mfg. Co. v. Fields* (1894), 138 Ind. 58; *Evansville, etc., R. Co. v. Duel* (1893), 134 Ind. 156; *Chicago, etc., R. Co. v. Tackett* (1904), 33 Ind. App. 379; *Creamery, etc., Mfg. Co. v. Hotsenpiller* (1900), 24 Ind. App. 122; *Wabash, etc., R. Co. v. Morgan* (1892), 132 Ind. 430; *Louisville, etc., R. Co. v. Lynch* (1897), 147 Ind. 165, 34 L. R. A. 293; *Potter v. Knox County Lumber Co.* (1896), 146 Ind. 114; *Pittsburgh, etc., R. Co. v. Adams* (1886), 105 Ind. 151; *Columbus, etc., R. Co. v. Arnold* (1869), 31 Ind. 174, 99 Am. Dec. 615; *Salem-Bedford Stone Co. v. Hilt* (1901), 26 Ind. App. 543.

*Chicago, etc., R. Co. v. Tackett, supra,* is expressly against the claim for which appellant contends, and in said case it is held that it is not necessary that the complaint should show that the defective condition of the brake had existed long enough after it was or should have been known to appellant to enable it to repair the same.

We are of the opinion that the weight of the authorities is with appellee. The period of time during which the employer has knowledge of a defective appliance, and what he does or fails to do to remedy the same, during that time, is material as a matter of evidence upon the question of negligence.

This case is respectfully transferred to the Supreme Court under section ten of an act entitled "An act concerning appeals," etc., approved March 12, 1901 (Acts 1901, p. 565, §10, §1337j Burns 1901) for such action with reference to *Malott v. Sample, supra,* and *Chicago, etc., R. Co. v. Tackett, supra,* as may be deemed proper.

Cause transferred.