## SANDUSKY PORTLAND CEMENT COMPANY v. RICE.

[No. 5,889. Filed December 20, 1907.]

1. PLEADING.—*Complaint.—Employers' Liability Act.—Common Law.*—A complaint based upon §7083 Burns 1901, subd. 2, Acts 1893, p. 294, §1, providing that corporations shall be liable to their servants who are injured while conforming to the orders of their superiors, is sufficient, as an action at the common law, though such act is void as to the defendant corporation, where the allegations show that the foreman whose negligence caused the injury was performing the master's duties at the time of the injury. p. 728.

2. TRIAL.—*Paragraphs of Complaint.—Peremptory Instructions.—Appeal.*—Where the trial court peremptorily instructed the jury

that the evidence was not sufficient to sustain a verdict upon the second paragraph of complaint, and the plaintiff reserved no exception to such ruling, he may not, on appeal, contend that the verdict should be upheld because the evidence was sufficient to establish such second paragraph. p. 728.

3. MASTER AND SERVANT.—*Vice-Principals.—Fellow Servants.—Question for Jury.*—Whether a foreman, in assisting a servant in repairing a piece of machinery, was such servant's fellow servant, or a vice-principal, is a question for the jury. p. 729.

4. SAME.—*Assumption of Risk.—Defective Ways and Works.—*Where the plaintiff, an experienced servant, knowing the circumstances and fully appreciating the dangers, voluntarily undertook to make some repairs in a mix pan connected with a line shaft, and such shaft was afterwards started in motion by other servants, causing injuries to plaintiff, such risk was assumed. p. 729.

5. APPEAL.—*Interrogatories.—New Trial.—*A new trial may be ordered on the reversal of a case on appeal, where justice demands it, though appellant was technically entitled to judgment on the answers to the interrogatories. p. 730.

From Kosciusko Circuit Court; *Lemuel W. Royse,* Judge *pro tem.*

Action by Lambert Rice against the Sandusky Portland Cement Company. From a judgment on a verdict for plaintiff for $460, defendant appeals. *Reversed.*

*Frazer, Biggs & Frazer,* for appellant.

*Bertram Shane* and *Wood & Bowser,* for appellee.

HADLEY, P. J.—Action by appellee against appellant for damages alleged to have been sustained while working as an employe in appellant's cement plant. The complaint is in two paragraphs. The first is based upon the negligence of a foreman under subdivision two of §7083 Burns 1901, Acts 1893, p. 294, §1. The second paragraph counts upon the common-law liability of the master for failure to provide a safe place for his servants to work. There was a general verdict for appellee, together with answers to fifty-one interrogatories. Appellant moved that the court render judgment upon the interrogatories, which motion was overruled. A motion for a new trial was overruled. These rulings are assigned as error. The court instructed the jury that the

evidence did not warrant a finding for appellee upon the second paragraph of the complaint, and the same was withdrawn from their consideration.

It is earnestly insisted that while the first paragraph of the complaint is based upon the second subdivision of section one of the employers' liability act (§7083, *supra*), which has since been declared unconstitutional, except as to railroads (*Bedford Quarries Co.* v. *Bough* [1907], 168 Ind. 671, and *Perry, etc., Stone Co.* v. *Fletcher* [1907], 168 Ind. 348), yet the averments of the complaint are sufficient to show a common-law liability. Upon a careful examination of this paragraph of the complaint, we are of the opinion that this contention is correct. By the averments of the complaint it appears that the liability of appellant is based upon the negligence of a foreman who, the allegations show, was acting in the place and performing the duties of the master at the time of the injury. This makes the negligence of the foreman the negligence of the master, and fixes the liability without regard to the statute before referred to. The complaint in other respects is sufficient.

Appellee also insists that the evidence is sufficient to sustain the verdict on the common-law theory. It is apparent from the record that although the second paragraph of the complaint based upon a common-law liability formed part of the pleadings, yet the case was tried upon the first paragraph; and when the court ruled that the evidence was insufficient to sustain the second paragraph no exception was taken to this ruling. Under this ruling, the jury were not permitted to pass upon the question whether the foreman was in the place of the master at the time of the injury, and whether his negligence was the negligence of the master. This was an element essential to appellee's right to recover.

The evidence discloses that the foreman and appellee were working together repairing a piece of machinery at the

3. time of the injury. Whether he was a fellow servant or a vice-principal was a question that should have been given to the jury under proper instructions.

The answers to the interrogatories show that appellee had worked for appellant in and about the factory for several months. He was a machinist, whose duty it was to 4. repair machinery of appellant. The machinery to be repaired at the time of the injury was a mix pan which was operated by a line shaft when connected therewith by a friction clutch. The line shaft could be connected by clutches with other mix pans and other machinery. The line shaft was propelled by a motor. Appellee knew that if the mix pan was connected with the line shaft, and the line shaft was in motion, the mix pan was a highly dangerous place in which to be. He also knew that if the mix pan was detached from the line shaft it was a safe place in which to be. He also knew that it was customary for the different employes about the factory to start the line shaft whenever they desired to perform any work with the different machines.

Just previous to the injury the line shaft was motionless. Appellee threw in the clutch connecting the mix pan with the line shaft in order to move the mix pan into the right position, by pulling on a belt over a pulley on the line shaft. Then, without detaching the clutch or disconnecting the mix pan, in company with appellant's foreman, he climbed into the mix pan and commenced his work. While thus engaged, another employe started the motor, and appellee was injured. Other answers to the interrogatories show that the foreman had reason to believe that the clutch was in when he and appellee went into the mix pan. There is no averment in the complaint and no answer to an interrogatory showing that the foreman knew or had reason to believe that the machinery would be or was liable to be started while he and appellee were in the mix pan. It is shown by these answers that appellee knew and appreciated the dan-

gers he was incurring to the same extent as the foreman who went into the mix pan with him. If he knew and appreciated the danger, he is held to have assumed the risk. *Chicago, etc., R. Co.* v. *Tacket* (1904), 33 Ind. App. 379; *Staldter* v. *City of Huntington* (1899), 153 Ind. 354; *Wabash R. Co.* v. *Ray* (1899), 152 Ind. 392; *Southern Ind. R. Co.* v. *Moore* (1904), 34 Ind. App. 154.

The answers to the interrogatories are in irreconcilable conflict with the general verdict. Ordinarily in such a case we should properly order a judgment for the appellant upon the answers to interrogatories. In this case, however, as we have shown, the cause was tried throughout upon an erroneous theory. We cannot say how far this affected the introduction of evidence. In our opinion justice requires that a new trial be granted.

Judgment reversed and cause remanded for a new trial.