GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
A. I. MORTSON.

Decided January 7, 1903.

**1.—Personal Injuries—Evidence—Mortality Tables.**

Life tables are admissible in evidence in cases of personal injuries that are permanent in character.

**2.—Negligence—Railroads—Charge.**

A charge that it is the duty of a railway company to use ordinary care to see that its tracks and sidings are not in such close proximity to other structures as to unnecessarily endanger its employes, engaged in the discharge of their duties on trains passing by, was not objectionable as inferentially telling the jury that such proximity of structures would be negligence.

**3.—Master and Servant—Duty of Inspection—Railroads.**

Where a railroad switchman is unfamiliar with the locality where he is at work, he owes no duty of inspection of the premises, and it is the company's duty to exercise ordinary care to see that the premises are safe, and to give him notice of the proximity of dangerous structures where he has no experience or acquaintance with the premises. See charge held correct.

**4.—Same—Contributory Negligence—Railroad Switchman.**

Where plaintiff, a railroad switchman, at the time he was struck by a projecting warehouse shed, was standing on a ladder on the side of a car looking in an opposite direction for signals from the conductor, which it was his duty to repeat to the engineer, and the work he was then doing was the first in which he had been engaged at that place, and his position was the proper one for the performance of such duties, he was not guilty of contributory negligence.

Appeal from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Baker, Botts, Baker & Lovett* and *Beall & Kemp,* for appellant.

*Falvey & Davis,* for appellee.

JAMES, CHIEF JUSTICE.—The action is to recover for personal injury, plaintiff, Mortson, alleging he was a switchman in defendant's yards in El Paso; that he was sent out as brakeman, and while so engaged on one of its freight trains at Marathon, which was being switched on a side track, he was holding on to a ladder in the prosecution of his business, when the train was carried by a structure and building in the nature of a warehouse or shed, which stood so near the track that, engaged as he was, it came in contact with him, and knocked him from his position, causing his injury. Plaintiff alleged that he did not know the structure was there, nor was he notified of the danger by defendant, and it was negligence on the part of defendant to permit it to be there, and in not notifying him of the danger. Defendant pleaded the general issue; that the risk was one incident to plaintiff's employment; that the danger was obvious, and therefore an assumed risk; and contributory negligence. Verdict was for plaintiff for $5333. As conclusions of fact we find, in view of the verdict for plaintiff, that plaintiff while engaged

in his work standing on the ladder on the side of a car, was struck by defendant's warehouse which stood in dangerous proximity to the train; that plaintiff did not know of its dangerous proximity; that defendant was negligent in respect to the danger involved in having the warehouse so near its track, and this was the proximate cause of plaintiff's injury; that plaintiff did not know of the danger.

*Opinion.*—We do not sustain the first assignment of error, because there was testimony that plaintiff's injuries were permanent, and therefore life tables were admissible. The second assignment is that the court erred in the fifth paragraph of the charge, "it is the duty of a railway company to use ordinary care to see that its tracks and sidings are not in such close proximity to other structures as to unnecessarily endanger its servants and employes who may be engaged in the discharge of their duties upon trains or cars passing along such tracks or sidings," because this is not a statutory duty and the instruction inferentially told the jury what particular facts would constitute negligence. The point is clearly not well taken. This charge did not tell the jury that such proximity of structures to the track would be negligence, but that failure to use ordinary care in that respect would be.

The third assignment complains of the sixth and seventh clauses of the charge, because, first, it instructed that particular facts constituted negligence. This objection is made under the same circumstances as that made to the fifth clause of the charge, and must meet with the same fate; and second, because "where the party is of mature age and an experienced employe, the duty does not rest upon the master to instruct and notify him of the patent and obvious positions of structures about which he may be called on to work. It is his duty to look out for them." It appears that this house was 3 feet 11½ inches from the south rail of the track. The car projected out from this rail about two feet, and a little further, and the ladder projected still further from two to three inches, and plaintiff's body of course extended out further. This was plaintiff's first work done at that place, and he had no acquaintance with the locality. This train had passed this structure twice in switching before it passed the third time when plaintiff was struck against it. The first two times it passed, plaintiff was engaged on other parts of the train, and did not observe its dangerous position with reference to the train. The accident occurred in daytime; plaintiff says he had seen the house, but did not know its position, and had not been warned about its nearness to the track; he was busy watching for signals, as was his duty, when he was struck. The two clauses complained of told the jury in substance that, if they found from the evidence that the track on which the car was moving was so near the warehouse that there was not sufficient space between it and the car for plaintiff to pass with safety, and that the track was dangerously near the warehouse, and that defendant knew these facts or by the exercise of ordinary care could have known them, and that defendant failed to notify plaintiff of such

proximity, and that, if the maintenance of said track in such position and such proximity, and such failure to notify plaintiff under all the surrounding facts and circumstances was negligence on the part of defendant, and that such negligence, if any, was the proximate cause of plaintiff's injury, then the jury should find for plaintiff, unless they found that plaintiff assumed the risk. These clauses must be viewed in connection with the eighth on assumed risk, whereby the jury was instructed to find for defendant, if they found from the evidence "that the car was too close to the warehouse, and that its close proximity thereto and the danger thereof was known to the plaintiff, or that the proximity of said track to said warehouse was apparent, and the danger to plaintiff open and obvious, and that the position of said track and said warehouse in reference to each other was seen by the plaintiff, before his injury, in time to have avoided the same, then you are instructed that plaintiff assumed the risk of such injury, and if you so believe, your verdict will be for the defendant."

The paragraphs six and seven, complained of, did not tell the jury that it was the duty of defendant to notify plaintiff of the facts constituting the danger. It left them to determine from all the facts whether or not the failure to do so was negligence. In order for the clause to be pronounced erroneous, it would have to be held that under the facts and circumstances, as a matter of law, no duty devolved on defendants to warn plaintiff with respect to such dangerous situation. The evidence showed that plaintiff was unfamiliar with the locality. He owed no duty of inspection of defendant's premises. On the contrary, it was the duty of defendant to him to exercise ordinary care to see that the premises where its servants were put to work were safe; and if dangerous premises existed, of which it knew, or would have known by the exercise of ordinary care, and it persisted in maintaining it, it certainly would be its duty under such circumstances to warn its servants engaged there who had had no experience or acquaintance with the premises. Railway v. Darby, 28 Texas Civ. App., 413, 67 S. W. Rep., 447; Railway v. McLean, 80 Texas, 85, 15 S. W. Rep., 790; Railway v. White, 76 Texas, 102. · The trial court by said charges left all these questions, viz., the dangerous proximity, the exercise of ordinary care by defendant in discovering it, and the question of negligence in not warning plaintiff under the circumstances, to the jury, and excluded the right of plaintiff to recover at all if he knew of the danger, or it was open and obvious. Defendant has no reason to complain of these charges.

The fourth assignment complains of the failure of the court to submit the issue of contributory negligence, and the fifth complains of the refusal of a charge which was presented, as appellant contends, to cover that issue, as follows: "If you believe that the plaintiff accepted employment from the defendant as a brakeman, and that on the day of his injury, while engaged as such brakeman at the town or station of Marathon, he had a fair opportunity of observing the kind and location of the structure which occasioned his injury, and that the said structure and

its location were open and obvious to the plaintiff's view; and if you further believe that he failed to use ordinary care to discover and see the kind and location of such structure; or if you believe that, knowing the kind and location, he failed to use such care as a man of ordinary prudence, situated as he was at the time, would have used to avoid contact with, and injury by, said structure, and that in consequence of his failure to use such ordinary care he was injured, your verdict should be for the defendant, notwithstanding you may also believe that the defendant was guilty of negligence." This charge was correctly refused, because it procceded upon the false theory that the servant was required to examine and inquire into the condition of defendant's premises with reference to his safety while prosecuting his work, the reverse being the rule. There was, we think, no evidence of contributory negligence. That this particular switching was the first work in which plaintiff was engaged at that place is undisputed. He testified: "I was standing on the first round of the ladder on the side of the car, holding on with my hands above me, and looking back to see what signals the conductor might give, in order to repeat them to the engineer, and was attending to my business. My position on the ladder was pretty nearly erect, holding on with my hands above me, and my head turned to one side looking back, or in the opposite direction from the way we were going. My head was in that position in order that I could look more around the car, and was further out from the ladder for that reason than my body in order to reach the conductor, and it was necessary in the discharge of my duties to be in that place and in that position at the time I was struck by my head coming in contact with the corner of the house,—my head just striking enough to miss the rest of my body." This shows that plaintiff was at a proper place doing his work, and his body in the proper and customary position when he was struck. There was no testimony contradicting this. The facts show a case of pre-existing and continued danger, involving negligence of the defendant in its maintenance, without evidence of negligent conduct on the part of plaintiff, and in such a case the only bar to his recovery would be that he knew of the danger, or in the prosecution of his work must necessarily have known of it.

By the sixth assignment it is claimed that a new trial should have been granted: First. Because the undisputed evidence was that the danger was known to plaintiff, and that the verdict was contrary to said paragraph eight of the charge and the first requested instruction which was given, both on the subject of assumed risk. This contention is disposed of by the conclusions of fact, and by what has been already said in this opinion. Second. Because the verdict is excessive in amount. This we find not to be the case.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.