CARL HOFFMEIER v. THE KANSAS CITY-LEAVENWORTH RAILROAD COMPANY.

No. 13,539.   (75 Pac. 1117.)

Error from Leavenworth district court; J. H. GILLPATRICK, judge.   Opinion filed March 12, 1904.   Reversed.

*F. B. Dawes,* and *L. H. Wulfekuhler*, for plaintiff in error.

*A. L. Berger*, for defendant in error; *H. L. Alden,* of counsel.

*Per Curiam:* The record in this case presents the proceedings in an action for damages for personal injuries claimed negligently to have been inflicted.   The decision depended upon the probative force of facts.   The trial court dispensed with the service of the jury and drew the definitive conclusion itself.

The plaintiff was the conductor of an electric street-railway car.   The car was without an aisle or other passageway lengthwise through it, and the conductor was obliged to perform his duties from a foot-board running the length of the car on the outside.   The electric current was conveyed to the car by a wire supported by poles placed at the side of the track, and at haphazard distances from it.   These poles, in the long course of a tortuous track, zigzagged from one side of it to the other, and, through a skimped and niggard plan of construction, some of them were so near as to imperil the safety of a conductor in the performance of his duties in collecting fares from passengers aboard the car.   The plaintiff was struck by a pole on a trestle, and, when knocked from the car, fell twenty-five or thirty feet before reaching the earth.   This prodigality of the body and members of human beings was clearly occasioned by the negligence of the company maintaining the plant.

The plaintiff, upon entering the defendant's service, accepted no risk arising from its negligence.   He had a right

to assume that the company had not set him to toil in the midst of danger. He had a right to assume that the road was built with ordinary care and consideration for the safety of the men who were to operate it, and he was not obliged to make any independent investigation for hazards resulting from the disregard of such care. Without actual knowledge of his peril, or a patency so ample as to exclude ignorance, the plaintiff assumed no risk in continuing to work under the conditions surrounding him.

Upon a demurrer to the plaintiff's evidence, every propitious fact which it fairly supports is accepted as proved, and every favorable inference which may be fairly deduced must be indulged. So considered, the evidence on behalf of the plaintiff is such that a jury might say he stood acquitted of any knowledge of the jeopardy occasioned by the particular pole which caused his injury, and of any culpable carelessness in failing to observe it, and that his conduct at the time of his injury was that of a reasonably prudent man. Other elements essential to a recovery were admittedly established. Therefore, the jury should have been permitted to weigh the testimony and to approve or condemn the plaintiff's conduct, as they saw fit.

The cases of *Rush, Adm'x, v. Mo. Pac. Rly. Co.*, 36 Kan. 129, 12 Pac. 582; *A. T. & S. F. Rld. Co. v. Schroeder*, 47 id. 315, 27 Pac. 965; *Clark v. Mo. Pac. Rly. Co.*, 48 id. 654, 29 Pac. 1138, and *Hall v. Wakefield & Stoneham Street R'y*, 178 Mass. 98, 59 N. E 668, relied upon by the defendant in error, were all decided upon the theory of actual knowledge of his danger by the employee.

The case of *St. Louis Cordage Co. v. Miller*, 126 Fed. 495, 61 C. C. A. 477, cited to the court since the oral argument, cannot be followed. It collates almost 200 cases, but not one of them is from this state. It adopts principles in direct conflict with those announced in *St. L. Ft. S. & W. Rld. Co. v. Irwin*, 37 Kan. 701, 16 Pac. 146, 1 Am. St. Rep. 266; *A. T. & S. F. Rld. Co. v. Rowan*, 55 id. 270, 39 Pac. 1010; *Railway Co. v. Michaels*, 57 id. 474, 46 Pac. 938; *Rouse v. Ledbetter*, 56 id. 348, 43 Pac. 249, and numerous other cases decided by this court. Besides, the distinguished judges of the court of appeals were themselves divided in opinion as to whether or not the case should have been submitted to the jury—a plain indication that such was the only proper course.

The case of *Glenmont Lumber Co. v. Roy*, 126 Fed. 524, 61 C. C. A. 506, follows *St. Louis Cordage Co. v. Miller*,

supra, as an authority.   Judge Thayer dissented, as he did in the former case, and, among other things, said:

"At all events, juries should be permitted to find, in such cases as this, whether the servant, with a full knowledge and appreciation of the risk, agreed with his master to assume it and absolve him from liability.   This is an inference of fact, and juries should be left to determine it. It is an invasion of the province of the jury to do otherwise."

The legal principles involved in this case were announced last month in the case of *Buoy v. Milling Co.*, ante, page 436, 75 Pac. 466, as they have been time and again since the organization of the court, and, as heretofore in such cases, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.