## CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY *v.* BRYAN, ADMINISTRATRIX.

[No. 5,433. Filed October 24, 1905. Rehearing denied February 22, 1906. Transfer denied March 15, 1906.]

1. MASTER AND SERVANT.—*Railroads.*—*Assumed Risk.*—Where the plaintiff's decedent, defendant's brakeman over a year, stood by the side of the track and signaled the engineer of the freight-train to back three cars onto the side-track, and the engineer slowly backed such cars according to signals, and the appliances on the door of one of such cars, in plain view of decedent, caught his coat and dragged him between such car and the platform, inflicting mortal injuries, there being nothing to prevent decedent from stepping back, the injury resulted from an assumed risk and there can be no recovery therefor. p. 489.

2. SAME.—*Assumed Risk.*—*Appreciation of Dangers.*—*When for Jury.*—*When for Court.*—Risks assumed by the servant must be appreciated, and such fact is a question for the jury where there is a conflict in the evidence, but where but one conclusion can be drawn from the evidence, it becomes a question of law for the court. p. 490.

3. APPEAL AND ERROR.—*Interrogatories to Jury.*—*Reversal.*—*When New Trial Refused.*—Where the evidence and the answers to the interrogatories to the jury show that the plaintiff can not recover, a judgment in his favor will be reversed with directions to render judgment for defendant on such answers. p. 491.

From Morgan Circuit Court; *Joseph W. Williams,* Judge *pro tem.*

Action by Almeedie Bryan as administratrix of the estate of Joseph A. Bryan, deceased, against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. C. Field, H. R. Kurrie* and *G. W. Grubbs,* for appellant.

*East & East,* for appellee.

ROBY, J.—The appellee averred, in substance, that appellant was, on March 18, 1899, a corporation owning and operating a railroad, and that the decedent was in its service

as a brakeman; that it had theretofore negligently constructed a platform and switch, immediately west of the depot at its station at Crawfordsville, and had negligently constructed the platform for a long distance at the height of four feet, and so close to the east rail of its track as not to allow cars of extra width to leave a space in passing of more than six or seven inches, which space was not sufficient for defendant's employes to stand in and escape injury while one of its extra-width cars was passing along said platform, but was likely to injure them while in the discharge of their duties; that it was also negligent in constructing and maintaining its said track in a curve, with the east rail lower than the west one, thereby causing southbound cars suddenly to lean to the east, and close the space between such cars and the top of the platform suddenly, thereby further endangering the lives of its employes; that on said day it negligently caused a car, known as a hay or furniture care, much wider and much larger than those in ordinary use, to be placed in one of its trains, and negligently caused said car to be pushed rapidly southward over said track, west of said depot and platform, and in so doing caused the space between the top edge of said platform and the side of said car to be reduced to six or seven inches, when such space would, with an ordinary car, have been fifteen or sixteen inches, "and that in so doing it ran said hay car against said Joseph A. Bryan, who was then in the space between the cars and said platform, in the line of his duty, and before he could escape the front end or sides of said hay car in some manner caught him, and so rolled and squeezed his body as to crush and break his bones, so that he then and there died." It is also averred that decedent was unaware of the danger of the place; that he had no knowledge that the car was of extra width, or that the space in which he was standing would be so closed as to endanger his life; that he could not appreciate or understand the dangers surrounding him; that his work was hurriedly

done, and while doing it he was compelled to watch the car south of the hay car; that he did not discover his danger until it was too late to escape; and that by reason of appellant's negligence, as set forth, he was injured and killed. Wherefore, etc.

Formal and uncontroverted averments have been omitted from this summary. The issue made by a denial was submitted to a jury and a verdict for $5,000, with answers to interrogatories, returned. Appellant's motion for judgment, notwithstanding the general verdict, was overruled, as was its motion for a new trial, and judgment was rendered on the verdict. Appellant, by exceptions and assignments of error, questions each adverse ruling.

The jury in its answers to interrogatories, as well as by the general verdict, finds the general conditions substantially as detailed in the complaint. It also states

1. that decedent had been in appellant's service as a brakeman upon a local freight-train from one to one and one-half years, making daily trips, and was familiar with the platform and siding referred to, and that at the time of his death an engine and three cars were being pushed south on the side-track, the car which caught him being the south or front one. Said cars were pushed over said track, in response to signals given by decedent, at a rate of from four to five miles an hour, and there was nothing to prevent his seeing the hay car. He crossed the track from the west to the east side, a short distance ahead of the approaching cut of cars and engine, having first signaled them back, which signals he continued. These signals were properly obeyed. Those operating the engine neither knew nor had reason to believe that decedent was in any peril, and stopped the engine at the first indication thereof. Decedent was not between the platform and car when struck by the car, but was north of the platform, at the northwest corner of the platform, where he stood from the time the car was twenty-five feet distant until part of

it passed him, where he continued to stand until he was caught. It was his intention to remain out of the space between said platform and track, and far enough from the car to permit it safely to pass him. While said car was passing, decedent's coat was caught by some of the appliances connected with the door of said car, and he was thereby drawn between the car and said platform and killed. If his clothing had not so caught, the accident would not have occurred. It thus appears that decedent was not in between the platform and the car in the line of his duty when struck by the car, but was without any intention of going into such place. He stood too near the moving train. His coat was caught by the door irons and he was carried to his death. It might have been under the wheels; it was between the car and platform. Had he been between the track and platform, his escape from the advancing car would have been cut off by the platform. Standing where he did, there was nothing to prevent his stepping back and away from it, had he chosen to do so. These facts are inconsistent with the case made in the complaint.

The facts upon which it is to be determined (1) whether decedent assumed the risk by reason of which his death occurred, and (2) whether he was contributorily negligent, are largely identical. The question of assumed obvious risk is, however, entirely distinct from the issue of contributory negligence.

It has been recently held, in order to charge the employe with the risk, that it must appear that he appreciated the danger to which he was exposed, and that where

2. evidence is doubtful or conflicting the question may be for the jury. *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541, and authorities cited; *Baltimore, etc., R. Co.* v. *Roberts* (1903), 161 Ind. 1; *Wright* v. *Chicago, etc., R. Co.* (1903), 160 Ind. 583. When the circumstances permit of but one conclusion, the question is

for the court. The character of the defect, the imminence of danger, the opportunity and capacity of the employe may be, and often are, of such a character as to preclude any controversy upon this subject. *Chicago, etc., R. Co.* v. *Tackett* (1904), 33 Ind. App. 379.

Decedent was an adult, in possession of his faculties, and familiar with the occupation and locality. The train moved, as he ordered it to move; every condition was open and observable. There is no basis upon which to deny his knowledge of the conditions, and such knowledge, of necessity, carried with it the appreciation of danger arising from them. The conclusion follows that the risk was an assumed one. *Chicago, etc., R. Co.* v. *Tackett, supra; Wortman* v. *Minich* (1901), 28 Ind. App. 31.

It is unnecessary to go into the question of contributory negligence. The sufficiency of the evidence is denied by the motion for a new trial. The facts found by the jury are as favorable to appellee as the evidence warranted. If it were otherwise, the mandate would be for a new trial, but it is impossible to attribute the decedent's injury to any cause which renders the appellant liable for damages on account thereof. It follows that a new trial ought not to be ordered, and that the cause should be finally disposed of. The evidence is not of a character to sustain a verdict for appellee.

Judgment reversed and cause remanded, with instructions to sustain motion for judgment on interrogatories and their answers, notwithstanding the general verdict.