Clara M. Cloud, *Appellee*, v. The Atchison, Topeka & Santa Fe Railway Company, *Appellant*.

No. 16,609.

Personal Injuries—*Proof of Negligence—Employee Injured in the Line of Duty—Assumption of Risk.* In an action for the death of an engineer, who was killed by being struck by the girder of a bridge while leaning out of the cab window and looking for a signal from the conductor of the train, a judgment for the plaintiff was affirmed.

Appeal from Lyon district court; Frederick A. Meckel, judge. Opinion filed June 11, 1910. Affirmed.

*William R. Smith, O. J. Wood, Alfred A. Scott*, and *William Osmond*, for the appellant.

*L. B. Kellogg, W. L. Huggins*, and *C. M. Kellogg*, for the appellee.

*Per Curiam:* This action was brought by the widow of Thomas Cloud to recover damages from the railway company for the injury and death of her husband, caused by the negligence of the railway company. It is alleged that while serving as engineer and leaning out of a moving locomotive to obtain a signal from the rear of the train his head collided with a girder of a narrow bridge and he was killed. She recovered a judg-

ment against the company, and it is insisted that a demurrer to the evidence should have been sustained. We think the evidence is sufficient to sustain the verdict and judgment. It shows that the bridge was narrow and that the track had been laid too close to the upright part of the bridge. It was built when a single track was used, and since the double tracks were laid a locomotive of the size of the one on which Cloud was riding when he was killed came within about twenty-three inches of the upright part of the bridge when the locomotive was erect and standing still. When moving rapidly the locomotive tipped and swayed from side to side, so that it came within a few inches of the girder of the bridge. There is a station about 500 feet west of the bridge, and as the train approached, at the rate of thirty miles an hour, Cloud whistled to the conductor for a signal. The conductor directed the brakeman to give him the "high sign." That signal was given to the head brakeman, and he in turn passed it on to the engineer, who was leaning out of the cab looking for it. Two blasts of the whistle were sounded, indicating that he had received it. About that time he was knocked down and killed. The jury found that the company was negligent in constructing the track too close to the sides of the bridge for the safety of engineers who took signals as Cloud had to do at that place; also in using so large an engine on that track, and in not keeping the track approaching the bridge in proper repair.

There is proof enough that there was negligence in placing the track so close to the girders of the bridge, where it was necessary for the engineer to lean out in order to get signals.

Although no one saw the girders of the bridge strike Cloud's head, the testimony justifies the inference that he was taking the signal in the line of duty at the time he was struck. The fireman saw him leaning out, holding to the whistle rope and looking back for a sig-

nal, and heard the whistles, and in a few moments looked again and saw the injured engineer lying in the bottom of the cab. Taking account of the distance from the whistling board to the bridge, the rate of speed the train was moving and the time required to transmit the signals it may be fairly inferred that he was receiving the signals when he reached the bridge and collided with it.

It is said that he assumed the risk of the danger. Different types and sizes of engines are used on the railroad. Some tilt and sway more than others. In view of the difficulty in determining the distance between swaying locomotives and the side of the bridge, and of all the other facts in the case, it can not be held that there was an assumption of risk. (*St. L., Ft. S. & W. Rld. Co. v. Irvin*, 37 Kan. 701; *A. T. & S. F. Rld. Co. v. Rowan*, 55 Kan. 270; *Railway Co. v. Michaels*, 57 Kan. 474; *Hoffmeier v. Railroad Co.*, 68 Kan. 831; *Smith v. Railway Co.*, ante, p. 136.)

We find nothing substantial in the objections to the instructions, nor in the other objections that have been made.

The judgment is affirmed.