JOHN F. NAGLE, APPELLANT, v. WALKER D. HINES, DIRECTOR GENERAL OF RAILROADS, RESPONDENT.

Argued June 17, 1920—Decided November 15, 1920.

1. Under section 4 of the Employers' Liability act (*U. S. Comp. Stat.* 1918, § 8660) assumption of risk as a defence is abolished only where the negligence of the carrier is in violation of some statute enacted for the safety of employes; in other cases it is retained.

2. Plaintiff, while employed by defendant as a brakeman, was standing on the side step of a freight car which was being backed upon a trestle in a commerical yard connected with defendant's main line by a spur track, alongside of which trestle was a fence so close to the track that the plaintiff, who was upon the side of the car next to the fence giving signals to the engineer, was caught between the fence and the car and injured. He had been employed as brakeman on defendant's line for about seven years, had been drilling in this particular yard for about four months prior to the accident on an average of once a week, and had been up on the trestle next to the fence at least twelve times in the daytime prior to the accident. He testified that when one gets up on this trestle there is no difficulty in seeing the clearance between the track and the fence; that the accident occurred in the daytime and that the weather was clear. It did not appear who was responsible for the location of the fence, nor that the fence (assuming it had been put up by the owners of the yard) was erected prior to the laying of the spur track. It was not contended that there was any violation of any statute enacted for the safety of employes. *Held*, that plaintiff assumed the risk incident to the situation and was properly nonsuited.

.. On appeal from the Union County Circuit Court.

For the appellant, *Jeremiah A. Kiernan.*

For the respondent, *DeVoe Tomlinson.*

The opinion of the court was delivered by

ACKERSON, J. This is an action brought under the Federal Employers' Liability act in the Union County Circuit Court to recover damages for personal injuries sustained by the plaintiff while employed as a brakeman by the defendant who was operating the Central Railroad of New Jersey as director general of railroads. Said railroad had a branch track leading from its main line at Elizabeth to the commercial yard of Neureiter & Horre. This side track, upon reaching said yard, branched out into two spur tracks which went into the yard upon trestles. One trestle ran along a fence which separated the yard from surrounding property and was used for the placement of stove coal, and the other trestle was situated away from the fence and was used for the placement of pea and nut coal. At the time of the accident, the train upon which plaintiff was working was being backed up onto the trestle next to the fence, which was so close to the track that the plaintiff, who was standing on the side step of the first car backing onto the trestle, being the side next to the fence, giving signals to the engineer, was caught between the car and the fence and injured. The trial resulted in a nonsuit and the plaintiff appeals.

The plaintiff was the only witness examined, and it appears from his testimony that the accident occurred between eleven and twelve o'clock in the forenoon, and that plaintiff had been employed as a brakeman on defendant's line for a period of about seven years and had been drilling in this particular yard for about four months prior to the accident, on an average of once a week, and knew that it was customary to put stove coal on the trestle next to the fence and to put pea or nut coal over on the other trestle. He had been up on the trestle next to the fence (*i. e.,* where he was at the time of the accident), placing cars of stove coal, at least twelve times in

the daytime prior to the accident. He stated that if he had known that the leading car going into the yard at the time of the accident contained stove coal, he would have known that such car was going up on the trestle next to the fence, and this could have been ascertained by simply looking into the car upon which he was riding, which was of the open gondola type. He further stated that when one gets up on this trestle (*i. e.*, the one next to the fence) there is no difficulty in seeing the clearance between the track and the fence, and that on the day of the accident the weather was clear. It does not appear that either the director general of railroads or the Central Railroad Company was responsible for the location of the fence, nor that the fence (assuming it had been put up by the owners of the yard) was erected prior to the laying of the spur tracks.

Under section 4 of the Employers' Liability act (*U. S. Comp. Stat., p.* 1918, § 8660), assumption of risk as a defence is abolished only where the negligence of the carrier is in violation of some statute enacted for the safety of employes, and in other cases it is retained. *Jacobs* v. *Southern R. R.,* 241 *U. S.* 229. In the case *sub judice* plaintiff admits that there was no violation of any statute intended for the protection and safety of employes and consequently the defence of assumption of risk was properly available for the defendant if justified by the facts, and we think that under the facts as proved, the plaintiff knew, or ought to have known, of the situation which confronted him and therefore assumed the risk incident thereto and was properly nonsuited. *Baughan* v. *New York, Philadelphia and Norfolk R. R. Co., Id.* 239.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 12.

*For reversal*—None.