## Davis, Agent, *v.* Hostetter.

[No. 11,694. Filed February 20, 1924. Rehearing denied June 3, 1924.]

1. MASTER AND SERVANT.—*Negligence of Master.—Liability for.*—A master is required to anticipate and guard against what usually happens or is likely to happen in the course of the employment. p. 529.

2. MASTER AND SERVANT.—*Railroads.—Liability to Section-Hand.*—A railroad company maintaining a temporary track in a sand-pit, constructed of old rails and partially decayed ties, which track was moved by section men using crowbars and, while standing both between and outside the rails, shoving it along in the direction desired, some of the ties being loose at one end, and hanging suspended from the rails, *held* charged with the duty of anticipating that men so engaged might be injured by one of the men stepping on such ties in the course of his work and thus causing a tie to break loose from the rails. p. 529.

3. MASTER AND SERVANT.—*Liability to Servant.—Latent Dangers.—Warning of.*—A master may escape liability for injuries from latent dangerous conditions by giving due warning thereof. p. 529.

4. MASTER AND SERVANT.—*Liability to Servant.—Patent Dangers.—Assumption of Risk.*—If dangers to which a servant is subjected are patent and of such an obvious character that he must have known of them had he exercised ordinary care, he cannot recover, as he will be held to have assumed the risk, though no warning was given. p. 529.

5. MASTER AND SERVANT.—*Section-Hand.—Assumption of Risk by.*—A section-hand engaged in moving a temporary track in a sand-pit *held* to have assumed the risk of injury by stepping on a decayed tie insecurely attached to a rail of the track he

was moving, said track, at the time, being suspended about "waist-high" over a pit in which he had been working.   p. 529.

6. MASTER AND SERVANT.—*Injury From Negligence.*—*Proximate Cause.*—*Answers to Interrogatories.*—*Motion for Judgment in.* —In an action for injuries to an employee, a motion for judgment on the answers to interrogatories, on the ground that such answers showed that defendant was not chargeable with any negligence which was the proximate cause of plaintiff's injury, was properly overruled where evidence was admissible under the issues which would have disclosed the existence of such negligence.   p. 532.

7. MASTER AND SERVANT.—*Injury From Negligence.*—*Assumption of Risk.*—*Answers to Interrogatories.*—*Motion for Judgment on.*—In an action for injuries to an employee, a motion for judgment on the answers to interrogatories, on the ground that such answers showed that plaintiff had assumed the risk of injury under the circumstances stated in the complaint, was properly overruled where the answers did not conclusively establish such assumption, in view of the evidence that may have been adduced at the trial.   p. 532.

8. APPEAL.—*Review.*—*Motion for Judgment on Answers to Interrogatories.*—*Rule Stated as to Presumptions.*—On review of a ruling denying a judgment on a motion for judgment on the answers to interrogatories, the appellate tribunal will presume that all facts favorable to the general verdict which might have been proved under the issues were proved.   p. 532.

From Noble Circuit Court; *Arthur F. Biggs,* Judge.

Action by Fred Hostetter against James C. Davis, Agent of the government in operating the railroads. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Mountz & Brinkerhoff* and *Grant & Foote,* for appellant.

*Sharpless & Springer* and *Fred L. Bodenhafer,* for appellee.

BATMAN, J.—Appellee filed a complaint against appellant in two paragraphs to recover damages under the Federal Employer's Liability Act.   Each alleges that the latter was operating the Baltimore and Ohio Railroad as Director General, and the former was in his

employ as a section hand; and that, while so engaged, he sustained personal injuries by reason of the negligence of his employer in using a defective tie in a track, which he was assisting in moving, and in failing to fasten it securely to the rails thereof. The charges of negligence in each paragraph are substantially the same, except that the second alleges that said railroad company had elected not to operate under the Indiana Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921, and that appellee had no knowledge of the loose and defective condition of the tie which caused his injuries. The complaint was answered by a general denial. The cause was tried by a jury, which returned a verdict in favor of appellee, and also its answers to certain interrogatories. Appellant filed a motion for judgment on the answers to the interrogatories, notwithstanding the general verdict, and also a motion for a new trial, each of which was overruled. This appeal followed, based on the two adverse rulings stated.

Appellant bases his contention that the court erred in overruling his motion for a new trial, in part, on the statutory reason that the verdict is not sustained by sufficient evidence. In support of this reason, he asserts: (1) That there is a total absence of any evidence to show that he owed appellee the duty of maintaining the track, when it was being moved, in such condition that the ties would not slip or break loose therefrom, under the circumstances shown. (2) That if such duty had been shown, the evidence discloses that appellee assumed the risk arising from the danger which caused his injury. An examination of the record discloses uncontradicted evidence establishing the following facts: Appellee was injured on July 2, 1919, while in the employ of appellant as a section man. His duties as such, among other things, required him to assist

in respiking the ties in appellant's railroad tracks, in replacing defective ties with new ones and spiking the same to the rails, in ballasting the tracks by raising the same, and tamping stones or gravel thereunder, and thereby placing the tracks in good condition. He had been so engaged for several months prior to the time of his injury, and had become familiar with the details of such work. On the day of his injury, he, together with the other men who composed the crew in which he worked, was sent to the Leland gravel pit, which was operated by appellant for the purpose of securing material to be used as ballast on the main lines of the Baltimore and Ohio Railroad in Indiana and Ohio, then under the control of appellant. The work in said gravel pit consisted in moving a railroad track some distance, in order to place it in position for use in loading gravel. About seventy-five men were engaged in this work, including appellee. The moving was done by first jacking the track up out of the bed in which it rested while being previously used, so that it would clear the adjacent surface. The men would then begin at one end of the track, which was about 800 feet long, and, by the use of bars against the rails, would slip that portion of the track a short distance in the direction it was to be moved. In doing this, some of the men would stand on the outside of the rails and apply their bars to the one nearest them, while others would stand between the rails, and apply their bars to the other rail. The men would then go forward and repeat this process on the various portions of the track, and would repeat the same on the entire track, when necessary, until the desired location was reached. The location of such track in any one place was only temporary, as it was necessary to move it from time to time for convenience in loading gravel, being the only purpose for which it was used. It was constructed

of old rails and ties, discarded from use on the main tracks. The track would be moved as a whole, without detaching the ties from the rails. The surface of the gravel pit over which the track was being moved on the day appellee was injured was rough and uneven by reason of projecting stones, and depressions in the bottom of the pit. The track itself was crooked and bent out of shape. Appellee began to assist in this work about eight o'clock in the morning, and worked thereat until he was injured about two o'clock in the afternoon of said day, except perhaps during lunch hour. He assisted by using a crowbar as a pry against the rails. The work had been commenced at one end and about 400 feet in length of the track had been moved some distance, when appellee was directed to get over between the rails, and use his bar from that position. He was standing at the time in a depression, near a tie which hung suspended over the same, and about thirty inches from the bottom thereof, as estimated by appellee. In attempting to get over between the rails, he placed one foot on the outer end of this tie, and placed his weight thereon, which caused the tie to slip, and break loose from the rails to which it was attached, thereby causing him to fall against the end of another tie, and sustain an injury. The tie slipped and broke loose from the rail because of its decayed condition, which rendered it incapable of holding a spike, when unsupported, and the weight of appellee's body was applied. As appellee stated, it was an old rotten tie—one in which spikes would not hold—and the other ties appeared to be in the same condition. Other witnesses testified that the ties were in bad condition, old and rotten; that many of them were loose, and would drop from the rails at one or both ends when the track was lifted; that some had rotten ends and would not hold any weight at all; that many were in such condition that they would come

loose when stepped upon; that the track was constructed of discarded rails and ties, and the latter would not hold spikes solidly; that in moving the track, the ties frequently came loose from the rails from their own weight, and any additional weight would cause others to come loose. The undisputed evidence further shows that the track was in the condition described throughout its entire length; and that such condition was open and visible to all of the men engaged in moving the same.

We now proceed to determine whether it appears from the facts stated that appellant owed appellee the duty of maintaining the track, when being

1-5. moved, in such condition that the ties would not slip or break therefrom, under the circumstances shown. It is well settled that a master is required to anticipate and guard against what usually happens, or is likely to happen. Therefore, the inquiry in a given case should be, were the injurious results probable, that is, likely to occur, according to usual experiences? *Chicago, etc., R. Co.* v. *Dinius* (1908), 170 Ind. 222. Applying this test to the facts stated, it is apparent that appellant should have anticipated that, in the process of moving the track, some of the decayed ties would at times hang suspended over the depressions in the bottom of the pit; that his servants, who stood between the rails in moving the track, might step upon such ties in going forward to resume their work on other portions thereof, and thus cause them to break loose from the rails, with possible injury to such servants. The evidence in that regard is at least sufficient to present a question which was properly submitted to the jury, and which it determined in favor of appellee. However, it does not necessarily follow, appellee is entitled to recover, as other facts may exist which would preclude such a result. If the conditions de-

scribed were latent, appellant could have escaped liability by showing that he had given appellee due warning thereof. *Indianapolis, etc., Co.* v. *Sproul* (1910), 49 Ind. App. 613; *Southern R. Co.* v. *Howerton* (1914), 182 Ind. 208. If, however, the evidence is such as to show that they were patent, and of such an obvious character that appellee must have known of them, and appreciated the danger therefrom, had he exercised ordinary care, he cannot recover, as he will be held to have assumed the attending risk, without a warning from appellant. *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88; *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307; *Bennett* v. *Evansville, etc., R. Co.* (1911), 177 Ind. 463, 40 L. R. A. (N. S.) 963; *Walling* v. *Terre Haute, etc., Traction Co.* (1916), 60 Ind. App. 607. Were the dangerous conditions of which complaint is made of such a character? Appellee was an experienced man in the maintenance of railroad tracks, which included the renewal and respiking of ties therein. He began his work in the gravel pit at eight o'clock in the morning and worked on the track in question about five hours before he was injured. In doing so, he passed by or over about 400 feet of the same, and assisted in moving it for that entire length, by prying on the rails with a crowbar. The track was bent and crooked when he began his work. It was constructed of old rails and ties, which had been discarded from use on the main tracks. Generally speaking, the ties were old and rotten. Many of them would come loose from the rails at one or both ends in moving the track, and others would come loose when weight was applied. These conditions, which existed throughout the entire length of the track, were plainly visible to the men engaged in moving the same. The particular tie which broke loose from the rails and caused appellee's injury was old and rotten, and of the same appear-

ance as the other ties in the track. When appellee undertook to get upon the same, it was suspended over a depression about thirty inches deep. Therefore, it must have been about waist high, as he stood in the depression, and in such range of his eyes as to give him a clear view of the same. Under these circumstances, it is inconceivable that appellee, an experienced man in track maintenance, did not know of the condition of the ties in the track, of the insecure manner in which they were fastened to the rails, and of the danger in placing his weight thereon, when suspended over a depression without support. Appellee was a man of mature years, and, assuming that he was a man of ordinary intelligence, as we have a right to do in the absence of a showing to the contrary, it is likewise inconceivable that he should not have appreciated the danger in so doing. This applies not only to the ties generally, but also to the particular tie the breaking loose of which caused him to fall and sustain an injury. The undisputed facts, in our opinion, leave no room for diverse inferences with regard to appellee's knowledge and appreciation of the danger which caused his injury, but impel the single inference that appellee did know of its existence and appreciated the same. This being true, it is our duty to hold that appellee assumed the risk, and for that reason is not entitled to recover in this action, under the evidence before us. *Avery* v. *Nordyke & Marmon Co.* (1904), 34 Ind. App. 541; *Jennings* v. *Ingle* (1905), 35 Ind. App. 153; *Chicago, etc., R. Co.* v. *Bryan* (1905), 37 Ind. App. 487. Other reasons for a new trial will not be considered, as the alleged errors on which they are based are not of such a nature as to render it probable that they will reoccur on another trial, and a mere possibility of their reoccurrence does not justify their consideration, in view of the conclusion we have reached.

The only remaining error relates to the action of the court in overruling appellant's motion for judgment on the answers to the interrogatories submitted to 6-8. the jury, notwithstanding the general verdict. His contention in this regard is based on two grounds, viz.:    (1) That such answers show that appellant is not chargeable with any negligence which was the proximate cause of appellee's injury; (2) that appellee assumed the risk which resulted in his injury because such risk was incident to his work, or arose from an open and obvious danger, or was created by a change in conditions, as the work progressed. An examination of such answers discloses that appellant's contention cannot be sustained on said first ground, as facts may have been shown, under the issues, as disclosed the existence of such duty in the instant case. This being true, we are required to assume that such facts were shown, in passing upon the motion under consideration. *Standard Oil Co.* v. *Allen, Admr.* (1920), 189 Ind. 398; *Terre Haute, etc., Traction Co.* v. *Green* (1912), 49 Ind. App. 309. The second ground is likewise unavailing, as the answers to the interrogatories do not conclusively sustain any one of the underlying reasons given therefor, in view of the evidence that may have been adduced on the trial.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.