NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v.* PEELE.*

[No. 12,751. Filed June 17, 1927. Rehearing deied October 13, 1927. Opinion modified and transfer denied November 2, 1928. Petition for reconsideration of order denying transfer denied January 4, 1929.]

*Petition for certiorari from U. S. Supreme Court denied March 9, 1929.

*Bell, Kirkpatrick, McClure & Elliott, Russell P. Harker* and *W. A. Eversman,* for appellant.

*Forrest E. Jump* and *Overson & Manning,* for appellee.

NICHOLS, J.—Action for damages for personal injuries sustained by appellee while employed by appellant as yard conductor in switching cars, such injuries alleged to have been caused by the negligence of appellant in placing its tracks with insufficient clearance.

To the complaint appellant filed answer in general denial and an affirmative answer pleading assumption of risk. Reply in denial.

On the trial before a jury, a verdict was returned in favor of appellee for $7,500. Appellant filed motion for

a new trial which was overruled, and judgment was rendered on the verdict.

Appellant has assigned as error the court's action in overruling its motion for a new trial, under which are presented the questions hereinafter considered.

It is practically conceded by the parties hereto that appellee was, at the time of his injury, engaged in interstate commerce, and that thereby the case is controlled by the provisions of the federal Employers' Liability Act (U. S. Comp. St. §§8657-8665), which retains the doctrine of assumption of risk where no safety appliance is involved, and under which we must determine whether, under the evidence in this cause, appellee assumed the risk of the condition of appellant's tracks which resulted in the injury for which he sues. It is undisputed that appellant had built two switch tracks so close together that appellee, while in the employ of appellant as a conductor of a switch crew, and in the performance of his duty in such employment, and while descending from the top of a box car, using the ladder on the side thereof, was crushed and injured by a passing train or cut of cars. Appellee had been employed in the switch yard where the accident and injury occurred for several years past, and it is appellant's contention that the condition of the tracks, in that they were too close together, was so open to appellee's observation that he assumed the risk of being injured in the manner in which he was injured by continuing in the employment of appellant.

It is unquestionably the law, as appellant contends, that where the doctrine of assumption of risk applies,

an employee assumes all risks necessarily incident to his employment, whether known or not, including all risks which are open or apparent and arising from his employer's negligence. But it does not follow from this that the employee assumes the risks not ordinarily incident to the employment and which

result from the employer's negligence. It is undisputed that the tracks in the switch yard were too close together for the safety of appellee, and, while it appears that appellee had worked in these yards for a number of years, there is no evidence that the unsafe proximity of the tracks had ever been called to his attention. Appellant must have known, through its employees charged with the laying of these tracks, and who did lay them, that they were closer together by measurement than they should have been for safety, and that there was danger when cars were passing upon the respective tracks that employees might be injured, but it was not a part of appellee's duty to measure the spaces between these tracks. He had a right to assume that his employer had exercised reasonable care to make the place of his employment safe, and he was not bound to know from such observation as he could make in passing that the tracks were so close together as to endanger the lives of workmen on the trains when they were passing each other. So far as the evidence goes, the condition of these tracks in being too close together was peculiar to the place of the accident, it not appearing that there was any other place where the tracks were so laid, and the fact that the tracks were so placed because of location of buildings belonging to Swift and Company does not make a sufficient excuse for constructing a dangerous place in which employees were compelled to work. There is no evidence that appellee had ever discovered the dangerous proximity of the tracks, or that he had in any way ever been warned of the same, and it is altogether probable that cars might have passed each other at this dangerous location without it being discovered by appellee that they were close enough to crush him had he been on the side of one of the cars.

In *Baltimore, etc., R. Co.* v. *Roberts* (1903), 161 Ind. 1, 67 N. E. 530, the action was by a freight brakeman

for personal injuries resulting from alleged negligence of the employer in maintaining its tracks in such close proximity to each other, and in leaving a car loaded with lumber standing on one of its tracks, that the employee was struck as he passed on a car in the line of his duty, and it was there held that the employee was not bound, in the absence of knowledge to the contrary, to go upon a search and ascertain by measurement or otherwise whether the tracks were so close together as to render them unsafe for the operation of cars thereover, that he had a right to assume that the tracks were a reasonably safe distance apart, and that there was no assumption of risk on his part.

In *Cleveland, etc., R. Co.* v. *Belange* (1922), 78 Ind. App. 37, 135 N. E. 367, in sustaining a verdict and judgment for the plaintiff, who was a railroad employee, this court stated the rule to be that if the servant is injured in the line of his duty by reason of the neglect of the master to make the place and the ways and means, tools, and appliances reasonably safe, he is entitled to recover, unless the negligence of the master and the risk arising therefrom are known to the employee, or unless the negligence of the master and the risk made or increased thereby were both so obvious as to be known and appreciated by a person of ordinary prudence; that an employee is not presumed to have assumed any new or greater risk, or any risk not necessarily incident to the employment, growing out of the negligence of the master, unless and until he becomes aware of them, or unless the augmented or new risks are so open and obvious as to force themselves upon his observation and consciousness. We further stated the rule to be that, upon the question of assumption of risk, the true test is not in the exercise of care to discover dangers, but whether the defect is known or plainly observable by the employee. (Citing authorities.) Un-

der the circumstances of this case, the question of assumption of risk was not one to be determined as a matter of law but was for the jury. *Charlton* v. *St. Louis, etc., R. Co.* (1906), 200 Mo. 413, 98 S. W. 529; *Pittsburgh, etc., R. Co.* v. *Perry* (1902), 28 Ind. App. 189, 62 N. E. 514, 91 Am. St. 120; *Fluhrer* v. *Lake Shore R. Co.* (1899), 121 Mich. 212, 80 N. W. 23; *Hoffmeier* v. *Kansas City, etc., R. Co.* (1904), 68 Kans. 831, 75 Pac. 1117; *Galveston, etc., R. Co.* v. *Mortson* (1903), 31 Tex. Civ. App. 142, 71 S. W. 770; *Texas, etc., R. Co.* v. *Swearingen* (1904), 196 U. S. 51, 25 Sup. Ct. 164, 49 L. Ed. 382; *Louisville, etc., R. Co.* v. *Wright* (1888), 115 Ind. 378, 16 N. E. 145, 17 N. E. 584, 7 Am. St. 432.

*Southern, etc., Co.* v. *Berkshire* (1921), 254 U. S. 415, 41 Sup. Ct. 162, 65 L. Ed. 335, cited by appellant, is readily distinguished from the case here involved. In that case, an experienced railway engineer was held to assume the risk, under the federal Employer's Liability Act, of any injury that he might receive when leaning out the cab window by reason of fact that the end of the arm of a mail-crane device, adopted under the conditions imposed by the Post Office Department, is, when in use, as near to the train as fourteen inches, the farthest point at which a bag can be picked up from a train being twenty-nine inches, and a less distance from a crane being essential to assure getting the bag. The device was constructed in harmony with conditions imposed by the Post Office Department, and it was there stated that the engineer well knew of the existence of the crane, where it stood, and that he could have seen it from his seat, had he looked, long before he reached it. It is to be noted, also, that Mr. Justice Clark wrote a strong dissenting opinion in that case, in which Mr. Justice Day and Mr. Justice Pitney joined.

In *Penn R. Co.* v. *Nelson* (1919), 259 Fed. 156, cited by appellant, it was held that there was no negligence of

the employer in using a float on which its cars were run, with a stanchion near the side of the cars, the distance being that which was customary in floats of the kind. In the instant case, clearly appellant was negligent.

In *Nagle* v. *Hines* (1920), 95 N. J. Law 240, 112 Atl. 195, cited by appellant, there was involved an injury resulting from too-close proximity of a fence to the railroad track. Appellant testified that there was no difficulty in seeing the clearance between the track and the fence, and it did not appear who was responsible for the location of the fence, nor that the fence, assuming it had been put up by the owners of the yard, was erected prior to the laying of the track.

In *Chicago, etc., R. Co.* v. *Bryan* (1905), 37 Ind. App. 487, 75 N. E. 678, cited by appellant, a brakeman stood by the side of a railroad track and signaled the engineer to back three cars onto the side track, and the engineer slowly backed the same. Appliances on the door of one of the cars, in plain view of the brakeman, caught his coat and dragged him between the car and the platform, inflicting fatal injuries. Nothing prevented the brakeman from stepping away from the train, and it was held that, under such circumstances, he assumed the risk. But the court stated that risks assumed must be appreciated, and that such fact is a question for the jury where there is a conflict in the evidence, but where one conclusion only can be drawn from the evidence, it becomes a question of law. In this case, we are not ready to say that but one conclusion can be drawn from the evidence. There was evidence from which the jury could find, as it did, not only that appellant was negligent but that the danger was not known or appreciated by appellee.

We hold that, under the circumstances of this case, it was for the jury to determine as to whether there was an assumption of risk on the part of appellee.

Appellant vigorously challenges instruction No. 12,

tendered by appellee and given by the court, for the alleged reason that it is mandatory, purports to cover the entire case, and omits to state the law on an essential element, viz., assumption of risk. The jury was instructed on the subject of assumption of risk by the giving of five other instructions requested by appellant. Instruction No. 12 informed the jury that if the jury found that the distance between the two tracks was not sufficient so that appellee could work in safety in the space between the tracks, and that, in order to carry on his work, he was compelled to and did work between the tracks, and while so working was knocked from the side of the car from which he was alighting because of insufficient clearage, and that if the jury found that appellant knew or could have known by the exercise of ordinary care of such defects in time to have avoided the same, or to have discontinued their use, there should be a finding for appellee unless the jury should also find that appellee was guilty of contributory negligence. That portion of this instruction concerning contributory negligence is erroneous, 35 U. S. Stat. at L. 65, ch. 149, but such error was in appellant's favor, and, therefore, not prejudicial to it. The remaining portion of the instruction was a correct statement of the law relating to the doctrine of assumption of risk, and the court in such instruction was not obliged to restate that doctrine at length when it had been stated in other instructions.

The judgment is affirmed.