WIDMER ET AL., ETC. *v.* HUFNAGEL, ADMINISTRATRIX.

[No. 16,144.   Filed April 16, 1940.   Rehearing denied
May 28, 1940.   Transfer denied June 28, 1940.]

*Louis N. Savage* and *Paul F. Mason,* both of Rock-
port (*Louis A. Savage* and *William E. Cox,* both of
Jasper, of counsel), for appellants.

*Paul Schmidt* and *Emmanuel H. Baugh,* both of Evansville, for appellee.

BRIDWELL, P. J.—Appellee brought this action against appellants to recover damages occasioned by the death of one Linus Hufnagel, claimed to be due to the negligence of appellants. The complaint of two paragraphs was answered by general denial. A trial by jury resulted in a verdict for appellee in the sum of $5,000.00, upon which judgment was rendered.

Appellants duly filed their motion for a new trial, asserting among other causes therefor that the verdict of the jury is not sustained by sufficient evidence, and that said verdict is contrary to law. This motion was overruled, appellants excepted, and thereafter perfected this appeal. Error in the overruling of said motion is assigned and presented for review.

It is charged in the complaint that appellants are the owners of a farm located in Spencer County, Indiana, consisting of 135 acres; that on and prior to December 26, 1936, the decedent, Linus Hufnagel, was in the employ of appellants as a laborer, and on said day "engaged with several others, servants of the defendants, in felling trees in the woods for the purpose of clearing the land of the defendants"; that while the deceased was engaged in trimming a fallen tree, other servants of appellants, who were working under the direction and control of appellant Frank Widmer, carelessly and negligently, without warning to the deceased, cut down a tree which in falling struck said decedent, so injuring him as to cause his death immediately. The complaint charges negligence in the following particulars:

"1. The defendants failed to provide a reasonably safe place for the deceased, Linus Hufnagel,

to perform his services as laborer for the defendants.

"2. The defendants failed to warn the deceased, Linus Hufnagel, to enable him to avoid being hit by the tree being felled by other servants of the defendants.

"3. The defendants failed to control the fall of the tree which struck and killed the deceased, Linus Hufnagel, by attaching a rope to such tree and thereby guiding it in falling.

"4. The defendants failed to apply a sufficient number of wedges, for the purpose of controlling the falling of the tree, which struck and killed the deceased, Linus Hufnagel.

"5. The defendants failed to take into consideration and be governed by the effect of the uncontrolled force and direction of the wind while felling the tree which killed the deceased, Linus Hufnagel.

"6. The defendants failed to sufficiently deploy and scatter their servants, engaged in felling trees, so that workmen, including the deceased, Linus Hufnagel, would be removed from danger of falling trees."

The evidence in this case relating to the material and controlling facts determinative of the right of recovery by appellee is not conflicting. It shows that the relationship existing between decedent and appellants was that of master and servant; that on the day the injury occurred (December 26, 1936) some four or five persons were engaged in "clearing" a portion of the farm owned by appellants when Frank Widmer (one of the appellants) came to the place where they were working, and, under his direction, the persons so employed began cutting down some of the larger trees situate approximately 150 feet from the place where they had been working before being so instructed; the deceased was not present when this direction was given, but arrived

later and began to assist in the work of clearing, trimming branches off trees which had already been cut down, piling and burning brush, etc.; while he and his brother were sawing limbs from a tree which had already been felled, two other of the servants of appellants were engaged in cutting down another tree, using a saw for this purpose, which tree was located approximately 10 or 15 feet from the place where the deceased and his brother were at work; when this work had progressed until there was about four inches more of the bole of the tree to be cut, the servants so engaged stopped their work and informed the deceased and his brother of that fact, warning them the tree was about to fall; the tree which was being cut had been "notched" to fall to the south, and a wedge or wedges were used while the sawing was being done; a strong east wind prevailed at the time, and decedent was working at a place which was in a southwesterly direction from the tree which was being felled, and there was nothing to obstruct his view; he continued to work, facing the opposite direction from the tree being felled, until it started to fall, and then attempted to escape, but was struck, sustaining the injuries from which he died.

At the time of the accident the deceased was a man of mature years, and he had, prior to the date of his injuries, on different occasions done work of this character for the appellants. He was a tenant on the farm where the clearing was being done on a share crop basis, but when engaged in clearing land, was paid by the day or hour. There is nothing in the evidence to indicate that either his hearing or vision was defective, nor that he was not fully advised concerning all existing conditions, with full opportunity to see, observe, and know all there was to be learned concerning the nature

and progress of the work being done, the manner of its accomplishment, and such dangers as were incidental thereto.

Our Supreme Court, in *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 209, 115 N. E. 577, said: "At common law a servant who sought to recover damages for personal injuries resulting to him through the negligence of his master was required to prove not only that the master had been guilty of negligence which proximately caused the injury, but also that the servant had neither actual nor constructive notice of the danger created by the master's negligence. If the servant knew of the dangerous condition, or could have known of it by the exercise of reasonable care, he was held to have assumed the risk incident to such danger." See, also, *Piepho* v. *Gesse* (1939), 106 Ind. App. 450, 18 N. E. (2d) 468, and cases therein cited on pages 456 and 457; *Davis* v. *Hostetter* (1924), 81 Ind. App. 524, 142 N. E. 723; *Anderson* v. *Columbia Improvement Company* (1905), 41 Wash. 83, 32 P. 1037, 2 L. R. A. (N. S.) 840.

When we consider the material facts in this case, as established by uncontradicted evidence in connection with, and as bearing upon the various charges of negligence averred in the complaint, we conclude that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

If it be conceded that this record discloses evidence from which the jury might infer some act of negligence on the part of the appellants as charged in the complaint, yet it seems clear that the decedent, from the time he came to the place where the clearing was being done, and started to help in such work, must, from a mere casual observation, have been

cognizant of the fact that a tree was then being cut down, and of the manner in which the work was being done, and of such dangers and risks as were necessarily incurred by one in the immediate vicinity. The undisputed facts, in our opinion, leave no room for any inference other than the single one that the deceased did know of the existence of the danger to which he was exposed, and it is inconceivable that he should not have appreciated such danger. This being true, we deem it our duty to hold, under the evidence before us, that he assumed the risk. There is, therefore, no right of recovery established by the evidence.

Other claimed errors are discussed in the briefs and urged as causes for reversal of the judgment, but they are not of such a nature as to render it probable that they will occur again upon any retrial of the cause. In view of this, and of the conclusion reached, we refrain from any consideration of them.

Judgment reversed with instructions to sustain appellants' motion for a new trial.

Dudine, J., not participating.

NOTE.—Reported in 26 N. E. (2d) 557.